UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.____________–Civ–____________/_____________

BARBARA HALL,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

COMPLAINT

Plaintiff, Barbara Hall, sues Defendant, Carnival Corporation, and alleges:

## A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line. The Plaintiff fractured her wrist when she tripped and fell in her stateroom's bathroom.

## B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

(a) The Plaintiff is a citizen of Missouri.
(b) The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.
(c) The amount in controversy, without interest and costs, exceeds $75,000.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

## C. Maritime Law

4. Although this case is filed under the Court's diversity jurisdiction, this case is governed by the general maritime law.

## D. Three Counts of Negligence

### Count 1
### Negligence: Tripping Hazard

5. On or about March 1, 2020, the Plaintiff, then age 56, was a fare-paying passenger aboard *Carnival Valor*, a cruise ship owned and operated by the Defendant.

6. At that time and place the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. At that time and place, the Defendant breached its duty of care toward the Plaintiff by allowing an unreasonably and unexpectedly high threshold to be installed at the entrance to the shower in the Plaintiff's stateroom; the threshold was a tripping hazard.

8. The Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known about it or this type of hazard occurred with regularity and was therefore foreseeable.

9. Because the shower threshold was unreasonably and unexpectedly high, and because this was the first day of the cruise and the Plaintiff was not aware that the shower had such a high threshold, the Plaintiff tripped over the threshold and fell down.

10. When she fell, the Plaintiff, who is right-hand dominant, badly fractured her right wrist and suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

11. The Plaintiff underwent a complex surgery to repair her fractured wrist: in this surgery, a metal plate and screws were permanently installed in the Plaintiff's wrist joint.

12. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

### Count 2
### Negligence: Failure to Warn

13. On or about March 1, 2020, the Plaintiff, then age 56, was a fare-paying

passenger aboard *Carnival Valor*, a cruise ship owned and operated by the Defendant.

14. At that time and place the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

15. At that time and place, in the bathroom in the Plaintiff's stateroom, the Defendant breached its duty of care toward the Plaintiff by failing to warn her about a tripping hazard in her bathroom–an unreasonably and unexpectedly high threshold at the entrance to the shower.

16. The Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known about it or this type of hazard occurred with regularity and was therefore foreseeable.

17. Because the shower threshold was unreasonably and unexpectedly high, and because this was the first day of the cruise and the Plaintiff was not aware that the shower had such a high threshold, and because the Defendant failed to warn the Plaintiff about this hazard and failed to mark the hazard in some way so that it stood out to passengers who were not familiar with it, the Plaintiff tripped over the threshold and fell down.

18. When she fell, the Plaintiff, who is right-hand dominant, badly fractured her right wrist and suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

19. The Plaintiff underwent a complex surgery to repair her fractured wrist: in this surgery, a metal plate and screws were permanently installed in the Plaintiff's wrist joint.

20. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

**Count 3**
**Negligence: Failure to Render First Aid**

21. On or about March 1, 2020, the Plaintiff, Barbara Hall, then age 56, was a fare-paying passenger aboard *Carnival Valor*, a cruise ship owned and operated by the Defendant.

22. At that time and place, on the first night of her 5-night Caribbean cruise, Ms. Hall

tripped and fell in her stateroom.

23. When she fell, Ms. Hall badly fractured her right wrist. Although Ms. Hall didn't know it at the time, her injury required surgical repair. (Shortly after the cruise, an orthopedic surgeon would determine that the fracture was so severe that its repair required the installation of a metal plate and screws.)

24. After falling, Ms. Hall went to the ship's medical center for help.

25. Carnival advertises its shipboard medical centers as "committed to providing the highest quality of shipboard medical care."

26. But when Ms. Hall got to the medical center she was refused care because she was not able to pay $500. (At that time, she did not have $500 of credit available on her credit card.)

27. Ms. Hall had excellent health insurance with Blue Cross but the medical center refused to accept it.

28. Ms. Hall pleaded with the medical center staff to help her, and showed them her swollen and discolored wrist, but still they refused to help her unless she paid $500.

29. Two days later, after the pain had not subsided, Ms. Hall went to the ship's information desk to ask whether anything could be done to allow her to be treated at the ship's medical center.

30. The person working at the information desk told Ms. Hall that the medical center will sometimes make a "compassion" exception, and will care for a passenger who cannot pay the $500 fee.

31. So Ms. Hall returned to the medical center and asked for help under the compassion exception. But the staff at the medical center told her there is no such exception, and again they refused to help her, even after she showed them her swollen and discolored wrist.

32. Ms. Hall was left to just tough it out for the last two days of her cruise.

33. In refusing to help Ms. Hall after she could not come up with $500, the Defendant violated its duty of "reasonable care under the circumstances," not to mention its duty of simple human decency.

34. After a fracture like this, the broken and displaced bones of the wrist need to be stabilized as soon as possible so that the mending process can begin, and so that the surrounding

tissue, including nerve tissue, can begin to heal. Left untreated, those displaced bones will continue to move in ways they're not supposed to move, damaging the surrounding tissue and continuing to cause great pain.

35. So the Defendant's refusal to treat Ms. Hall for four days caused additional damage to Ms. Hall's wrist, and caused Ms. Hall additional–unnecessary–mental anguish, pain, suffering, and distress.

36. This violation of the Defendant's duty of reasonable care was wanton and outrageous and it warrants an award of punitive damages.

37. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, including punitive damages, and costs, and the Plaintiff demands a jury trial.

Dated: February 9, 2021

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL 33020
T: (954) 920-1571
Attorneys for the Plaintiff, Barbara Hall