UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20557-BLOOM/Otazo-Reyes

BARBARA HALL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS COUNT III OR IN THE ALTERNATIVE
STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss Count III or in the Alternative Strike Plaintiff's Prayer for Punitive Damages, ECF No. [7] ("Motion"), filed on March 5, 2021. Plaintiff Barbara Hall ("Plaintiff" or "Hall") filed a response, ECF No. [14] ("Response"), to which Defendant filed a reply, ECF No. [17] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting materials, including supplemental authority filed by Plaintiff, ECF No. [19], the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises as a result of injuries Plaintiff sustained while aboard Defendant's ship, *Carnival Valor*. In March 2020, Plaintiff was a passenger for a cruise on the *Valor*. ECF No. [1] ¶¶ 5, 13, 21. On the first day of her cruise, Plaintiff fell when she tripped over an unreasonably and unexpectedly high threshold installed at the entrance to the shower in her stateroom. *Id.* ¶¶ 9, 17, 22. After falling, Plaintiff went to the ship's medical center for help. *Id.* ¶ 24. However, she was

refused care because she was unable to pay $500.00 at the time, and the medical center refused to accept her health insurance. *Id.* ¶¶ 26-27. According to Plaintiff, she showed the staff at the medical center her swollen and discolored wrist, but they refused to help unless she paid $500.00. *Id.* ¶ 28. Two days later, still in pain, Plaintiff inquired at the ship information desk, where she was told that the medical center sometimes made "compassion" exceptions for passengers who cannot pay the fee. *Id.* ¶¶ 29-30. Plaintiff then returned to the medical center to ask for help under the compassion exception, but the staff again refused to help her, even after she showed them her swollen and discolored wrist. *Id.* ¶ 31. As a result of her fall, Plaintiff fractured her right wrist, which necessitated surgery, including the insertion of a metal plate and screws. *Id.* ¶¶ 11, 19. As a result of Defendant's refusal to treat her, Plaintiff sustained additional damage to her wrist and unnecessary mental anguish, pain and suffering, and distress. *Id.* ¶ 35.

In the Complaint, Plaintiff asserts three negligence claims against Defendant for tripping hazard (Count 1), failure to warn (Count 2), and failure to render first aid (Count 3). In Count 3, Plaintiff alleges that Defendant's duty of reasonable care was "wanton and outrageous," warranting an award of punitive damages. *Id.* ¶ 36. In the Motion, Defendant seeks dismissal of Count 3 for failure to state a claim, or in the alternative, requests that the Court strike Plaintiff's demand for punitive damages.

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s

pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's factual allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "A facially plausible claim must allege facts that are more than merely possible . . . . The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro*, 693 F.3d at 1337 (citations omitted) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

While the Court is required to accept all of the factual allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss ... the court limits its consideration to the pleadings and all exhibits attached thereto." (internal quotation marks omitted)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro*, 693 F.3d at 1337. "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012) (quoting *Aldana v. Del*

3

*Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true"); *Chaparro*, 693 F.3d at 1337 ("if allegations are indeed more conclusory than factual, then the court does not have to assume their truth" (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011))).

In addition, Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See, e.g., Sakolsky v. Rubin Mem'l Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").

### III.  DISCUSSION

Defendant argues first that Count 3 fails to state a claim for punitive damages because the Complaint does not allege intentional wrongdoing, and in any event, that Count 3 fails to state a standalone claim for negligence. In response, Plaintiff argues that in order to properly allege punitive damages, she needs only allege that Defendant's actions are "wanton, willful, or outrageous" under applicable law, and that Count 3 sufficiently states a claim for negligence. The Court considers each argument in turn.

#### A.  Count 3 states a sufficient claim for negligence

Defendant argues that Count 3 does not adequately allege a claim for negligence because the allegations are insufficient to give rise to a plausible duty. The Court disagrees.

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "A cruise-ship operator 'is not liable to passengers as an insurer, but only for its negligence.'" *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 796-97 (11th Cir. 2019) (quoting *Keefe*, 867 F.2d at 1322); *see also Miller v. NCL (Bah.) Ltd.*, No. 15-cv-22254, 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing

*Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959))), *aff'd*, 679 F. App'x 981 (11th Cir. 2017). Rather, "[u]nder maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). "A carrier owes its sick and injured passengers a duty to exercise 'reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances[.]'" *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1248 (S.D. Fla. 2014) (quoting *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371 (5th Cir. 1988)).

Regarding Count 3, Plaintiff alleges that after she fell in her state room, she went to the ship's medical center for help, and that Carnival advertises its shipboard medical centers as "committed to providing the highest quality of shipboard medical care." ECF No. [1] ¶¶ 24-25. She also alleges that she showed the medical center staff her swollen and discolored wrist, but that they refused to see her because she could not pay the applicable $500.00 fee. *Id.* ¶¶ 26, 28. Two days later, when she returned to the medical center to request treatment under a compassion exception, Plaintiff was again refused care despite showing her swollen and discolored wrist, because no such exception exists. *Id.* ¶¶ 29-31. Plaintiff alleges that in refusing her care because she could not pay the fee, Carnival breached its duty of reasonable care under the circumstances. *Id.* ¶ 33. At this stage, accepting the factual allegations as true, the Court finds that these allegations are sufficient to state a claim for negligence, based upon Defendant's failure to exercise reasonable care to a sick or injured passenger like Plaintiff. The Motion to dismiss Count 3 for failure to state a claim is denied.

### B. Plaintiff adequately alleges a basis for punitive damages

Defendant argues that Plaintiff's demand for punitive damages in Count 3 should nevertheless be stricken. At the outset, the Court notes that the parties appear to agree that punitive

damages are available in maritime personal injury cases but disagree with respect to the standard applicable to pleading such damages. Defendant contends that the allegations must indicate intentional misconduct on its part, while Plaintiff argues that she need only allege that Defendant's conduct was "wanton, willful, or outrageous."

The parties' arguments turn upon the interpretation of two relevant cases – *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. On Sept. 22, 1993*, 121 F.3d 1421 (11th Cir. 1997) ("*Amtrak*") and *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009). In *Amtrak*, the United States Court of Appeals for the Eleventh Circuit determined that

> [u]nless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing.

121 F.3d at 1429. Twelve years later, in *Atlantic Sounding*, which involved a claim by a seaman against his employer for alleged willful and wanton disregard of its maintenance and cure obligation, the Supreme Court recognized that "punitive damages have long been available at common law . . . [and] the common-law tradition of punitive damages extends to maritime claims." 557 U.S. at 411.

The Court recognizes that there is a split within this district as to the standard applicable to punitive damages in cases such as this after *Atlantic Sounding*. *Compare Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620-CIV, 2011 WL 3703329, at *7 (S.D. Fla. Aug. 23, 2011) ("[A] plaintiff may recover punitive damages under general maritime law, consistent with the common-law rule, where the plaintiff's injury was due to the defendant's wanton, willful, or outrageous conduct. (quotations and citation omitted)) and *Doe v. Royal Caribbean Cruises, Ltd.,* 2012 WL

7

920675, at *2-4 (S.D. Fla. Mar.19, 2012) (holding that "punitive damages are generally available in personal injury actions arising under the Court's maritime jurisdiction when the defendant engaged in wanton, willful or outrageous conduct"), *with Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1371-72 (S.D. Fla. 2014) (granting summary judgment on punitive damages because "Plaintiffs have failed to demonstrate and the record evidence does not support a finding of intentional misconduct.") and *Crusan v. Carnival Corp.*, No. 13-cv-20592-KMW/Simonton, 2015 WL 13743473, at *7 (S.D. Fla. Feb. 24, 2015) ("Plaintiffs in this action may recover punitive damages only upon a showing of intentional misconduct.").

Upon review, the Court agrees that the standard applicable to punitive damages claims in a case involving injury to a passenger is intentional misconduct on the part of a defendant. As in this case, in *Crusan*,

> [t]he real issue, it appears, is not whether punitive damages are available under general maritime law—they are—but what standard of liability should apply in determining whether punitive damages may be recovered for a particular maritime claim. An overly broad reading of *Atlantic Sounding* would make punitive damages available even in the absence of a showing of intentional misconduct. However, the Court believes that *Atlantic Sounding*'s statement that "[p]unitive damages have long been an available remedy at common law for wanton, willful or outrageous conduct" was simply a general description of the circumstances in which such damages are available at common law, and was not intended to announce a bright-line standard of liability governing recovery of punitive damages in all maritime tort claims. Again, the Court notes that *Atlantic Sounding* addressed only the availability of punitive damages in a cause of action for maintenance and cure and did not specifically discuss personal injury claims brought by ship passengers. Given the relatively narrow scope of the issues presented in *Atlantic Sounding*, the Court does not believe that holding should be read so broadly as to find it in conflict with *Amtrak*. Therefore, the Court finds that *Amtrak* is controlling on this issue, and Plaintiffs in this action may recover punitive damages only upon a showing of intentional misconduct.

2015 WL 13743473, at *7 (footnote omitted); *see also Noon v. Carnival Corp.*, No. 18-23181-Civ-WILLIAMS/TORRES, 2019 WL 3886517, at *13 (S.D. Fla. Aug. 12, 2019), (concluding that "Plaintiff may only recover punitive damages upon a showing of intentional misconduct."); *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1353-54 (S.D. Fla. 2019) (applying intentional misconduct standard to claim for punitive damages).

Thus, the Court must determine whether the allegations in the Complaint are sufficient to plausibly allege intentional misconduct on the part of Defendant with respect to Plaintiff's claim based on a failure to provide proper care or treatment for her injury. In order to demonstrate intentional misconduct, a plaintiff must show that "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and despite that knowledge, intentionally pursued that course of conduct." *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1329 (S.D. Fla. 2019) (citing *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010) (quotations and citation omitted)).

Here, Plaintiff alleges that despite showing her swollen and discolored wrist to Carnival's medical center staff on two separate occasions, she was refused treatment because she could not pay the applicable fee. As a result of the Defendant's failure to treat Plaintiff, she sustained additional damage and suffered unnecessary mental anguish, pain, suffering, and distress. ECF No. [1] ¶ 35. Although Carnival contends that these facts are insufficient, the Court disagrees. Taking the allegations as true, Count 3 of the Complaint plausibly alleges intentional misconduct on the part of Defendant in that Defendant knew, through its medical staff, that Plaintiff had sustained an injury significant enough to result in swelling and discoloration, yet twice refused to provide her with treatment through the medical center based upon her inability to pay the applicable fee. In addition, Plaintiff alleges that after a fracture such as Plaintiff's, the wrist bones

Case No. 21-cv-20557-BLOOM/Otazo-Reyes

need to be stabilized in order to minimize damage to surrounding tissue and pain. *Id.* ¶ 34. At this stage, the allegations are sufficient and what Defendant in fact knew is an issue yet to be resolved.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [7]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record