UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BARBARA HALL,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,<br><br>Defendant. | CASE NO. 1:21-cv-20557-BB |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival") answers Plaintiff's complaint [DE 1], asserts affirmative defenses, and states:

**A. Summary of Case**

1. Admitted only that Plaintiff brings an action for personal injuries based on theories of negligence. Defendant is without sufficient knowledge of the remaining allegations of paragraph one and therefore, denies all remaining allegations, including any implication of liability on the part of Carnival or that Plaintiff should be entitled to any damages against Defendant. Strict proof thereof is demanded at the time of trial.

**B. Basis for Jurisdiction and Venue**

2. Admitted only that the Court enjoys subject matter jurisdiction over this case; (a) without sufficient knowledge of Plaintiff's citizenship status, therefore denied; (b) admitted that Defendant is incorporated in Panama with a principal place of business in Miami, Florida; (c) admitted only that Plaintiff seeks damages in excess of the jurisdictional amount of $75,000, but denied that Plaintiff is entitled to any amount of damages in this case.

3. Admitted.

**C. Maritime Law**

4. Admitted.

**D. Three Counts of Negligence**

**Count I – Negligence: Tripping Hazard**

5. Admitted only that Plaintiff was a fare-paying passenger of Carnival *Valor* on March 1, 2020. For purposes of this litigation only, Defendant may be deemed the operator of the vessel. All else is denied.

6. Admitted only that paragraph 6 states the applicable duty of care in a negligence action under general maritime law. All else is denied, including any implication by Plaintiff that Defendant failed to act reasonably under the circumstances present in this case.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Without sufficient knowledge, therefore denied.

12. Denied.

Defendant denies the Plaintiff's WHEREFORE clause, denies any and all liability and damages in this matter, and prays that Plaintiff recover nothing. Furthermore, all allegations of the Plaintiff's Complaint not previously admitted, denied, or explained above are here and now fully and expressly denied and strict proof is demanded thereof.

**Count II – Negligence: Failure to Warn**

13. Admitted only that Plaintiff was a fare-paying passenger of Carnival *Valor* on March 1, 2020. For purposes of this litigation only, Defendant may be deemed the operator of the vessel. All else is denied.

14. Admitted only that paragraph 14 states the applicable duty of care in a negligence action under general maritime law. All else is denied, including any implication by Plaintiff that Defendant failed to act reasonably under the circumstances present in this case.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Without sufficient knowledge, therefore denied.

20. Denied.

Defendant denies the Plaintiff's WHEREFORE clause, denies any and all liability and damages in this matter, and prays that Plaintiff recover nothing. Furthermore, all allegations of the Plaintiff's Complaint not previously admitted, denied, or explained above are here and now fully and expressly denied and strict proof is demanded thereof.

**Count III – Negligence: Failure to Render First Aid**

21. Admitted only that Plaintiff was a fare-paying passenger of Carnival *Valor* on March 1, 2020. For purposes of this litigation only, Defendant may be deemed the operator of the vessel. All else is denied.

22. Without sufficient knowledge, therefore denied.

23. Without sufficient knowledge, therefore denied.

24. Denied.

25. Without sufficient knowledge, therefore denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

Defendant denies the Plaintiff's WHEREFORE clause in Count III, denies any and all liability and damages in this matter, including any entitlement to punitive damages, and prays that Plaintiff recover nothing. Furthermore, all allegations of the Plaintiff's Complaint not previously admitted, denied, or explained above are here and now fully and expressly denied and strict proof is demanded thereof.

**Affirmative Defenses**

1. This action is governed by and subject to the terms, limitations, and conditions contained within the Plaintiff's Passenger Ticket Contract, which is incorporated here by reference.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Complaint fails to state a claim which would entitle her to punitive damages under general maritime law, if any such damages are even allowable under general maritime law in a passenger personal injury case.

4. At all times material hereto, Carnival states that there was no dangerous condition present onboard Carnival Valor in Plaintiff's passenger cabin and as such, Carnival owed Plaintiff

no duty to warn and/or no duty to correct or repair the subject threshold which Plaintiff alleges she tripped and fell over.

5. In the alternative to number 4 above and assuming for purposes of this affirmative defense only that the dangerous condition alleged by Plaintiff existed on March 1, 2020, Carnival fully discharged its duties to Plaintiff by warning of any and all such hazards and/or conditions.

6. In the alternative to number 4 above and assuming for purposes of this affirmative defense only that a dangerous condition existed on March 1, 2020, Carnival did not owe Plaintiff a duty to warn because the subject condition (an alleged threshold) was open and obvious, which Plaintiff could have and should have perceived through use of her own senses.

7. Any doctors involved in Plaintiff's assessment, care, and/or treatment were independent contractors, and not employees or agents of Carnival, at all times material.

8. Any nurses involved in Plaintiff's assessment, care, and/or treatment were borrowed servants of independent contractors, and not acting as employees or agents of Carnival, at all times material.

9. Carnival is entitled to a set-off or to have the jury consider all evidence of sums paid, payable, discounted, or written-off by collateral sources for all sums paid or payable by collateral sources.

10. Plaintiff's own negligence was the sole proximate cause of her injuries and damages.

11. Carnival asserts that Plaintiff's own negligence was a cause in whole or in part for the alleged incident and resulting damages. Therefore, the damages in this case, if any, must be apportioned and reduced in proportion to the share of comparative negligence attributable to the Plaintiff.

12. The injuries and damages alleged were the result, in whole or in part, of the actions/fault of third parties, over whom or which Carnival had no dominion or control, and that such party/parties was/were the legal cause of all or part of the damages suffered by the Plaintiff. Carnival reserves the right to amend this affirmative defense to name specific individuals or entities who may be responsible for Plaintiff's alleged incident and/or damages as discovery has only just begun.

13. Carnival is entitled to all privileges and immunities enjoyed by the tortfeasor under any modification of joint and several liability statutes, as well as all apportionment and periodic payments of judgment statute.

14. Plaintiff's damages, if any, were solely and proximately caused by an intervening or superseding condition or event, which was not the result of any negligence on Carnival's part.

15. Plaintiff's injuries were the result of a pre-existing injury which was not aggravated by the alleged incident. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, which Carnival expressly denies, Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which Plaintiff allegedly suffered as a result of the subject incident.

16. Plaintiff failed to mitigate her damages.

17. When considering the reasonable value of past medical expenses, if any, Carnival asserts that the factfinder should consider all evidence of sums paid, payable, discounted, or written-off by Plaintiff's insurers and/or medical providers.

18. Carnival did not have actual or constructive notice of any alleged risk-creating condition.

19. Plaintiff failed to seek timely medical treatment and/or refused medical treatment and acted against medical advice.

20. The damages alleged in the Plaintiff's complaint are barred in whole or in part because the medical treatment received by Plaintiff was excessive, unnecessary, and/or unreasonable and thus Plaintiff has suffered no damages recoverable at law. In the alternative, and assuming Plaintiff is entitled to recover damages for medical treatment rendered which Carnival disputes, then Plaintiff shall only be entitled to recover the portion of medical expenses which were actually necessary, reasonable, and proper under the circumstances.

21. Carnival has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

WHEREFORE, Defendant demands judgment in its favor over and against Plaintiff and with costs assessed against Plaintiffs.

Respectfully submitted,

/s/ *Christopher B. Smith*

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

Christopher B. Smith
Fla. Bar No. 0121925
Email: csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Courts using the Florida Courts E-Filing Portal and served via transmission of Notices of Electronic Filing upon:

Peter G. Walsh, Esq.
pwalsh@1800askfree.com
David W. Singer & Associates PA
1011 South Federal Highway
Hollywood, FL 33020
T: 954-920-1571
*Attorneys for Plaintiff, Barbara Hall*

/s/ *Christopher B. Smith*
Christopher B. Smith