UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-20557-BLOOM

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

**PLAINTIFF, BARBARA HALL'S,**
**MOTION IN LIMINE TO PRECLUDE SPECULATIVE AND IRRELEVANT EVIDENCE/TESTIMONY/ARGUMENT**

Plaintiff, BARBARA HALL ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and FRE 401, 402, and 403, hereby file this, her Motion in Limine to Preclude Speculative and Irrelevant Evidence/Testimony/Argument, and as grounds therefore state as follows:

1. This case presents a maritime personal injury action On March 1, 2020, the first night of a cruise aboard Defendant's VALOR, as Plaintiff attempted to enter the bathroom in her cabin, she tripped over an unreasonably high and undifferentiated ledge/curb separating the shower from the remainder of the bathroom. As can be noted from the photographs below the, the bathroom floor, shower ledge/curb, and shower are all the same color and texture and the ledge/curb is hidden from view when the shower curtain is closed:





2. As a consequence, Plaintiff sustained an intra-articular fracture with displacement of the dominant right wrist for which she was compelled to undergo an open reduction with internal fixation (with insertion of a volar plate and screws) on March 10, 2020. Despite the severity of this injury, Defendant refused to treat Plaintiff in its shipboard infirmary because she was unable to pay.

3. Throughout the litigation, in addition to maintaining that the shower ledge/curb was not dangerous, Defendant's defense has focused on the unsubstantiated position that Plaintiff was intoxicated at the time of her fall.

4. It is expected that Defendant will seek to introduce evidence/testimony/argument that Plaintiff was intoxicated at the time of her fall. While there exists evidence of Plaintiff's alcohol purchases[1], not consumption, the day before her fall, **there is zero evidence that she was intoxicated at the time of her fall** and any such testimony or argument speculative, irrelevant, and unduly prejudicial.

**a. Plaintiff's travel companion, Angela Vaughn has testified:**

Q. Let me ask you this. The very first night --
A. She's not really a drinker, though. It's just not her thing.

[Deposition of A Vaughn at p. 82, attached as **Exhibit A**]

**b. Defendant's Corporate Representative has admitted:**

Q. Sure. Does Carnival have a breathalyzer test that evinces my client was intoxicated at the moment of her fall?
A. No. Carnival does not ever give breathalyzers to guests, unless a doctor needed it for a medical reason, there would be no reason to do that. But no.

Q. Does Carnival have a blood alcohol reading of my client at the time of her fall?
A. You know that we do not, because she didn't report it for three days, and we didn't have any opportunity to do that. Not that we would have. Carnival would not get a breathalyzer reading, or blood

[1] Plaintiff concedes that her drink purchases are likely admissible. She seeks to preclude Defendant from saying/arguing that she was intoxicated **at the time of her fall** as there is no evidence of this.

> alcohol results from a guest, simply to prove a level of intoxication. That's not a policy or procedure that is followed onboard our ships.

[Deposition of Corporate Representative at p. 47, attached as **Exhibit B**]

WHEREFORE, Plaintiff, BARBARA HALL, respectfully move the Court for entry of an Order precluding Defendant from presenting evidence/testimony/argument that Plaintiff was intoxicated or that her faculties were impaired at the time of her fall.

**LOCAL RULE 7.1(A)(3) CERTIFICATION**

Undersigned counsel certifies that he has conferred, in writing on December 14 and 15, and offered to confer telephonically with defense counsel relative to this Motion. Defense counsel has responded and the requested relief is opposed.

**MEMORANDUM OF LAW**

FRE 401 (Test for Relevant Evidence) provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402 (General Admissibility of Relevant Evidence Admissible) provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons) provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action. *Sprint/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008); *Duchateau v. Camp Dresser & McKee, Inc.*, Case No. 10-Civ-60712-Rosenbaum (S.D.Fla. Dec. 19, 2011). FRE 402 specifically prohibits irrelevant evidence. The Advisory Committee has stated that "relevance is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." FRE 401.

Pursuant to FRE Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ostrow v. Globecast America. Inc.*, 825 F.Supp.2d 1267, 1274 (S.D.Fla. 2011). The Court enjoys "wide discretion" in determining whether to exclude evidence under Rule 403. *Id.* at 1274-75 (citing *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir.1985) (citations omitted)).

Through its Corporate Representative, Defendant has admitted that it does not have any evidence of Plaintiff's blood alcohol level at the time of her fall – it does not have the results of any breathalyzer or blood test.

Further, in addition to testifying that drinking *"It's just not her [Plaintiff's] thing,"* insofar as the beverages which Plaintiff purchased on the first day and night of her cruise before retiring to bed, her travel companion, Angela Vaughn, has testified that some of these were purchased for the latter:

> Q. All right. So that being the case -- and I think you may have testified to this, but I've got to make sure I get it in the record. And I'm really interested in the first day and into the first evening, but did Ms. Hall buy you drinks on her card?
>
> A. I mean, they are already paid for, but yeah, we'd walk up and -- because I was doing shots, they'd go so quick. And she was drinking that foo-foo drink. So yes, she would -- she would get me a shot, I would get me a shot, and then -- yeah, or she would, you know -- would get me drinks too, yeah.

[Deposition of A Vaughn at pp. 120-121, attached as **Exhibit A**]

To allow Defendant to argue, imply, or present evidence that Plaintiff was intoxicated at the time of her fall and that her fall was due to this intoxication will prove unduly and irreparably prejudicial to Plaintiff.

Dated: December 17, 2021
Miami, Florida

/s/ *Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com
EDUARO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 17th day of December, 2021, via Email to all Counsel on the attached Service List.

**EDUARDO J. HERNANDEZ, LLC**
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

/s/ *Eduardo J Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com

**SERVICE LIST**

**Peter G. Walsh**
Florida Bar No. 970417
pwalsh@1800askfree.com
DAVID W. SINGER & ASSOC., P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel.: (954) 920-1571
Fax.: (954) 926-5746

**Eduardo J. Hernandez**
Florida Bar No. 061451
ehernandez@ejh-law.com
EDUARDO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

**Attorneys for Plaintiff**

**Christopher Smith**
Florida Bar No. 607363
csmith@fowler-white.com
FOWLER, WHITE, BURNETT, P.A.
1395 Brickell Avenue – 14th Floor
Miami, Florida 33131
Tel.: (305) 789-9200
Fax.: (305) 789-9201

**Attorneys for Defendant**