UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-20557-BLOOM

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

_______________________________________/

**PLAINTIFF, BARBARA HALL'S,**
**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff, BARBARA HALL ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Evidence, hereby files this, her Response in Opposition to Defendant's Omnibus Motion in Limine, and states as follows:

## INTRODUCTION

This case presents a maritime personal injury action On March 1, 2020, the first night of a cruise aboard Defendant's VALOR, as Plaintiff attempted to enter the bathroom in her cabin, she tripped over an unreasonably high and undifferentiated ledge/curb separating the shower from the remainder of the bathroom. As can be noted from the photographs below the, the bathroom floor, shower ledge/curb, and shower are all the same color and texture and the ledge/curb is hidden from view when the shower curtain is closed:





As a consequence, Plaintiff sustained an intra-articular fracture with displacement of the dominant right wrist for which she was compelled to undergo an open reduction with internal fixation (with insertion of a volar plate and screws) on March 10, 2020. Despite the severity of this injury, Defendant refused to treat Plaintiff in its shipboard infirmary because she was unable to pay.

## MEMORANDUM OF LAW

### A. Motions in Limine, Generally

A true Motion in Limine, "whether made before or during trial, [seeks] to exclude anticipated prejudicial evidence before the evidence is actually offered, not to determine the sufficiency of the evidence or merits of an issue." *Soliday v. 7–Eleven, Inc*., 2011 WL 1837807, *1 (M.D.Fla. April 20, 2011) (quoting *Luce v. United States*, 469 U.S. 38, 40(fn2) (1984)) (denying motion in limine to exclude punitive damages). District Courts throughout this Circuit have accordingly prohibited litigants from asserting substantive or weight of the evidence arguments, as Defendant attempts here, in a motion in limine, which, instead, should have been raised via a motion for summary judgment prior to the expiration of the filing deadline. *See Jean-Louis v. Clear Springs Farming, LLC*, 2016 WL 6838497, *3 (M.D.Fla. Nov. 21, 2016) (denying, as "inappropriate," defendants' motion in limine to preclude plaintiffs from introducing evidence of punitive damages because plaintiffs had not presented evidence of malice or reckless indifference); *Peterson v. Corrs. Corp. of America*, 2015 WL 5672026, *2 (N.D.Fla. Sep. 25, 2015) (noting that "there is no need to disguise a motion for summary judgment in the clothing of a motion in limine" and denying motion in limine to exclude punitive damages that was "for all intents and purposes, . . . a fact-dependent motion for summary judgment on the issue of punitive damages"); *Armstead v. Allstate Property & Casualty Ins. Co*., 2016 WL 4169222, *6 (N.D.Ga. Mar. 7, 2016) ("Plaintiff argues that the only evidence Allstate presents in support of this defense fails as a matter of law. Plaintiff's motion, however, is not a proper motion *in limine*. It is, instead, an improper and

untimely motion for summary judgment cast as a motion *in limine*."); *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 2015 WL 5334730, *4 (S.D.Ga. Sept. 14, 2015) (finding improper a motion in limine that seeks to dismiss claims); *Rogers v. South Star Logistics, Inc*., 2015 WL 3440335, *2 (M.D.Ala. May 28, 2015) ("The court finds that the deadline for dispositive motions has passed, and that at this stage of the case, it would not be appropriate to enter an order excluding any evidence of wantonness or evidence meant to establish a basis for punitive damages. Defendants will be free to make an appropriate motion at the conclusion of the evidence.").

In a recent cruise line case involving this very Defendant, this Court has held:

> "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *U.S. v. Gonzalez*, 718 F.Supp.2d 1341, 1345 (S.D.Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., 2009 WL 260989, at *1 (M.D.Fla. Feb. 4, 2009).

*Easterwood v Carnival Corp.,* Case No. 19-Civ-22932-Bloom (S.D.Fla. Dec. 1, 2020).

**B. Plaintiff's Interactions and Discussions with Defendant's Infirmary and Guest Services do Not Constitute Hearsay and Are Admissible**

**1. Interactions and Discussions with Guest Services and Medical Staff**

As a threshold matter, the statements made by Defendant's Guest Services employees related to zip-lining and compassionate care, will not be offered by Plaintiff for their truth. Consequently, same are not hearsay under FRE 801.

Further, these statements by Defendant's Guest Services employees are not hearsay inasmuch as each is an admission by Defendant under FRE 801(d)(2)(D) and, to a lesser extent, FRE 801(d)(2)(A). FRE 801(d)(2) provides:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

(2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

A "vicarious admission" is a statement offered against an opposing party made by the party's agent or employee on a matter within the scope of that relationship while it existed. FRE 801(d)(2)(D). Here, clearly, the individual with whom Plaintiff dealt at Defendant's guest services desk and, at trial, Plaintiff will establish through Defendant's Corporate Representative that its guest services associates deal with matters of refunds and act as information centers for passengers (ie, directing passengers to the ship's infirmary where necessary). *See Jones v. Disc. Auto Parts, LLC*, 2017 U.S. Dist.Lexis 59890 (M.D.Fla. Apr. 19, 2017) (in a slip and fall case, statements of the defendant's employee's identified only as "Alex" admissible under FRE 801 as vicarious admissions because the defendant's employees were aware that the floor was slippery); *see also KLM Royal Dutch Airlines v. Tuller*, 292 F.2d 775 (D.C. Cir. 1961); *Grayson v. Williams*, 256 F.2d 61 (10th Cir. 1958). Furthermore, a defendant's "specific authorization" for the employee or agent to speak is not required. *US v. Portsmouth Paving Corp*., 694 F.2d 312, 322 (4th Cir. 1982).

As concerns the statements of Defendant's infirmary employee, as an initial matter, despite the disingenuity in Defendant's Motion of referring to the employee as an "unknown male," not only is he known to be Nurse Joseph Cagumbay, but Mr. Cagumbay has been deposed. Not only does Defendant's "Medical Staff Interaction Log" (admissible under FRE 803(6)) [**Exhibit A**] evince that Mr. Cagumbay "[*i]nformed the guest the possible charges,"* but Mr. Cagumbay admitted this in his deposition. **[**Cagumbay Deposition at p. 10, attached as **Exhibit B]** To be

sure, Mr. Cagumbay denied that he advised Plaintiff that the cost to see the ship's physician was $500 and that he would have told her a lesser amount. **[**Cagumbay Deposition at p. 12, attached as **Exhibit B]** However, that there exists a difference or factual dispute between the amount claimed by Plaintiff and that testified to by Mr. Cagumbay does not make the statement hearsay.

Insofar as Mr. Cagumbay's statement denying that "compassionate care" could be offered, same is admissible for the same reasons the statements of the guest services employees (discussed above) are admissible. Again, that Mr. Cagumbay may deny having made this statement, does not make it hearsay or otherwise make the statement inadmissible. In fact, it creates a question of fact and makes it all the more admissible. Furthermore, the statement goes directly to Plaintiff's state of mind at the time.

**2. Refund of Shore Excursion**

Plaintiff's fall and injury occurred on the first night of the cruise – in the early morning hours of March 1, 2020.

Despite the fact that immediately after her cruise Plaintiff was forced to undergo an open reduction with internal fixation (with insertion of a volar plate and screws), Defendant has taken the position that her injury was minor and "wasn't an emergency." [Corporate Representative Deposition at p. 131, attached as **Exhibit C**] More importantly, as concerns Defendant's attempt to exclude evidence of the refund of her shore excursion purchase, Defendant has taken the position that Plaintiff did not report her injury until March 3rd. This is directly belied by Plaintiff's testimony and, more importantly, by Defendant's own Account Folio (admissible under FRE 803(6)) [**Exhibit D**] which reflects that Plaintiff's shore excursion purchase was refunded on March 1st at 8:49pm.

As such, contrary to Defendant's argument that the refund of the shore excursion "does not address any fact of consequence," it directly addresses when Plaintiff reported her fall and injury

to Defendant and negates Defendant's position that Plaintiff did not report her injury until March 3rd, and, as such, is most material and relevant under FRE 401 and 402.

Further, the refund does not constitute an "offer to compromise" used to prove fault under FRE 408 as Defendant seems to imply.

FRE 408 provides:

> (a) Prohibited Uses. Evidence of the following is not admissible - on behalf of any party - either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim - except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

First, the refund can hardly be considered an "attempt to compromise the claim" and directly goes to another purpose – namely, "negating [Defendant's] contention of undue delay" in Plaintiff reporting her injury. *See generally Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000), *cert. denied*, 531 U.S. 877, 121 S.Ct. 186 (2000) ("The rule [408] permits evidence ... that is offered for a purpose other than establishing liability."); *U.S. v. Hauert*, 40 F.3d 197, 199-200 (7th Cir.1994) (to show defendant's knowledge and intent); *Freidus v. First Nat'l Bank*, 928 F.2d 793, 795 (8th Cir.1991) (for rebuttal); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1362-66 (10th Cir.1987) (to show a course of reckless conduct); *County of Hennepin v. AFG Indus., Inc.*, 726 F.2d 149, 153 (8th Cir.1984) (for impeachment).

**C. Evidence of Prior Similar Incidents is Relevant, Material, and Admissible**

As is usual in cruise line litigation, Defendant failed to disclose any prior incidents in response to Plaintiff's initial paper discovery. Thereafter, in response to Plaintiff's Second

Interrogatories and Second Request for Production, in part, seeking discovery into prior similar incidents, Defendant lodged improper, canned, and formulaic objections.

Next, despite having been properly noticed to speak on "*Facts and circumstances of prior similar incidents on CONQUEST-Class ships (**passenger fall over the step/threshold of a cabin bathroom shower**) for the three (3) year period prior to Plaintiff's incident*," when Defendant's Corporate Representative appeared for deposition on November 30, 2021, Defendant had taken it upon itself to hap the representative prepared to respond only to prior similar incidents on the subject ship - the VALOR. This deposition revealed 2 prior similar incidents on this ship:

1) **<u>March 9, 2017 – Barbara Fisher</u>**. Ms. Fisher tripped on the step/ledge of a shower configured identical to that of Plaintiff's cabin bathroom, with the step/ledge of the same height, with the bathroom floor, step, and shower floor all the same blue to that of Plaintiff's cabin, and with the same white shower curtain as in Plaintiff's cabin.

2) **<u>June 25, 2017 – Diana Blythe</u>**. Ms. Blythe also tripped on the step/ledge of a shower configured identical to that of Plaintiff's cabin bathroom, with the step/ledge of the same height, with the bathroom floor, step, and shower floor all the same blue to that of Plaintiff's cabin, and with the same white shower curtain as in Plaintiff's cabin.

[Corporate Representative Deposition at pp. 94-108, attached as **<u>Exhibit C</u>** and Defendant's Supplemental Answers to 2nd Interrogatories, attached as **<u>Exhibit E</u>**]

That Mss. Fisher and Blythe did not also trip, identical to Plaintiff, while entering the bathroom to use the toilet, does not make these incidents dissimilar for purposes of "notice." If the absurdity of the "identicalness" argued by Defendant were countenanced, a plaintiff would never be able to prove notice by way of prior similar incidents. As Defendant's Corporate Representative admitted, the Fisher and Blythe incidents occurred on the very same ship, in cabin bathrooms identical in layout to Plaintiff's, in cabin bathrooms of the same configuration to Plaintiff's, in cabin bathrooms with a shower step/curb of the same size as Plaintiff's, in cabin bathrooms with the same blue monochromatic floor as Plaintiff's, and in cabin bathrooms with the same with the same white shower curtain. [Corporate Representative Deposition at pp. 94-108,

attached as **Exhibit C**; Photographs contained in Defendant's Accident Summaries, attached as **Exhibit F**]

Thereafter, on December 7, 2021, the Court heard argument on Defendant's objections to Plaintiff's Second Interrogatories and Second Request for Production. Judge Otazo-Reyes ordered Defendant to respond and identify prior similar incidents to Plaintiff's for a 3 year period for all sister-ships of VALOR. In response, an additional 2 prior similar incidents were revealed as follows:

3) **June 17, 2018 – Mary Jane O'Bryan**. "[W]hile standing in front of the sink in her cabin bathroom she stepped back and accidentally tripped on the shower lip and fell backward injuring her right hand."

4) **January 21, 2019 – Cheryl Bigtree**. "[A]fter brushing her teeth in her cabin bathroom she stepped backward and tripped over the rim of the shower area and hit the back portion of her head on the wall."

[Defendant's Supplemental Answers to 2nd Interrogatories, attached as **Exhibit E**; as to O'Bryan incident, see also Report of Marine Casualty to USCG, attached as **Exhibit G**] Again, these occurred in cabin bathrooms identical in layout to Plaintiff's, in cabin bathrooms of the same configuration to Plaintiff's, in cabin bathrooms with a shower step/curb of the same size as Plaintiff's, in cabin bathrooms with the same blue monochromatic floor as Plaintiff's, and in cabin bathrooms with the same with the same white shower curtain. [Photographs contained in Defendant's Accident Summaries, attached as **Exhibit F**]

Defendant nonetheless contends that these prior incidents should nevertheless be excluded from evidence on the basis that they are "dissimilar" to Plaintiff's incident.

As the 11th Circuit has observed:

> The relevancy of similar accident evidence has been firmly established in this circuit: "Evidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334, 338–39 (5th Cir.1980) (citations omitted), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 921, 66

> L.Ed.2d 840 (1981). Too, such evidence might be used to disprove a defendant's alternative theory of causation. *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir.1977).

*Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984) (citations in original).

In fact, in this very District in the context of other passenger cases against cruise lines for negligence, it has been held that **a single prior incident is sufficient to place a cruise line on notice of a dangerous condition.** *Milbrath v. NCL (Bahamas) Ltd.,* 2018 U.S.Dist.Lexis 39123 (S.D.Fla. 2018); *see also McDonnell v. Royal Caribbean Cruises, Ltd.*, Case No: 16-Civ-22044-RNS (S.D.Fla. July 14, 2017) (5 incidents out of 218,400 passengers is sufficient to provide a cruise line with notice of a dangerous condition); *Carson v. Carnival Corp.,* Case No. 09-Civ-20087-Lenard/Garber (S.D.Fla. Aug. 6, 2009); *Giorgio v. Holland America Line, Inc.,* 2006 AMC 2329 (W.D.Wash. 2006).[1]

The underlying basis of this lawsuit is that the step/ledge separating the shower basin from the rest of the bathroom in Plaintiff's cabin was an unreasonably dangerous condition (particularly due to the monochromatic color of the entire bathroom floor and lack delineation of the step/ledge. Therefore, the relevancy of these prior incidents relates to the fact that Defendants were very much on notice of the dangerous condition posed by these steps/ledges which caused injuries to passengers, but yet did nothing to correct this.

Inasmuch as the relevancy of evidence is dependent upon the purpose for which it is sought to be admitted, courts apply different standards for the degree of substantial similarity necessary for prior accidents to be admissible depending upon its purpose. Where the purpose is to establish notice, "the rule requiring substantial similarity of those accidents to the accident at issue should

[1] Similarly, prior claims or lawsuits may show a defendant' s notice of a hazard. *See Karns v. Emerson Electric Co.,* 817 F.2d 1452, 1460 (10th Cir.1987) (prior lawsuits admitted on the issue of notice); *Kehm v. Proctor & Gamble,* 724 F.2d 613, 625 (8th Cir. 1983) (prior lawsuit complaints admitted on the issue of notice); *Hobart Corp. v Siegel,* 600 So.2d 503, 504 (Fla. 3rd DCA 1992) (prior lawsuits admitted on the issue of notice).

be relaxed." *Jackson* v. *Firestone Tire* & *Rubber Co.,* 788 F.2d 1070, 1082 (5th Cir. 1986). In rejecting the argument that the plaintiff's accident in *Jackson* was "unique," the court stated "we decline to take such a narrow and unrealistic view of the matter" and went on to hold "any differences in the circumstances surrounding these occurrences go merely to the weight to be given to the evidence." 788 F.2d at 1082-33. *See also Bailey* v. *So. Pacific Transp. Co.,* 613 F.2d 1385 (5th Cir.1980); *Jones* v. *Otis Elevator Co.,* 861 F.2d 655 (11th Cir. 1988); *Worsham v. A.H. Robins Co*., 734 F.2d 676 (11th Cir. 1984).

When used to prove notice:

> ***[A]ll that is required is that the previous injury or injuries be such as to call the defendant's attention to the dangerous situation that resulted in the litigated accident, the similarity and circumstances of the accidents can be considerably less than that which is demanded when the same evidence is used for one of the other valid purposes***.

*Schmelzer* v. *Hilton Hotels Corp.*, 2007 WL 2826628, *2 (S.D.N.Y. 2007) (citations omitted) (emphasis added).

The 11th Circuit has made it clear that prior incidents need not be identical or match the litigated incident in every detail in order to be relevant evidence of notice. Indeed, requiring exact identity of every possible characteristic of the prior and litigated incidents would be both an impossible and an unnecessary burden; only the material factors need be the same. *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641 (11th Cir. 1990).

In *Hessen,* the plaintiff's subrogee, Allstate Insurance Company, sued for damage caused by a fire in Hessen's 1980 Jaguar XJ6 automobile. Allstate introduced testimony through an expert that the cause of the fire was fuel leakage, which could have come either from a defect in the fuel hose itself or from a loose fuel hose connection; Allstate's expert could not determine the precise mechanism of the fuel leakage due to the presence of "a number of possible candidates" and the destruction in the fire of the critical parts that would have, if preserved for examination, revealed

the precise mechanism. *Id.* at 647 (and Fn11). The trial court allowed Allstate to introduce evidence of complaints, by other owners of 1980 Jaguar XJ6 vehicles, concerning "fuel leaks and fuel odors," beginning two to three years before the fire in Hessen's vehicle. Allstate's expert testified that the effect of the defect in the prior Jaguar XJ6 vehicles and in Hessen's vehicle was the same, namely "fuel leakage," but made no attempt to be more precise in his explanation of the defect in the prior incidents. *Id.* at 650. The 11th Circuit held that the trial court did not abuse its discretion by admitting the prior complaints; the complaints involved "similar problems of fuel odors and leakage," making the circumstances of the prior incidents "similar enough" to pass the substantial similarity test for admissibility. *Id.* The prior incidents of fuel leakage in 1980 Jaguar XJ6 vehicles were similar enough to be admissible, even though the prior incidents did not necessarily involve the exact mechanism of fuel leakage present in Hessen's case, and indeed Allstate's expert could not determine the precise mechanism of fuel leakage even in Hessen's case much less in the prior fires.

In order to be admissible even as to other issues, such prior incidents need only be "substantially similar" and not identical. *See e.g. Weeks*, 733 F. 2d at 1491 (other models of shotgun with similar safety systems). For example, accidents occurring at different locations on the defendant's premises or involving similar products are admissible where they share one or more of the essential characteristics of the subject incident. *See e.g. Ramos* v. *Liberty Mut. Ins Co.*, 615 F.2d 334 (5th Cir. 1980); *Borden, Inc.* v. *Fla. E. Coast Railway*, 772 F.2d 750 (11th Cir. 1985). "'Substantial similarity' does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015).

As the Court will note from the attached photographs [**Exhibit F**], the Fisher, Blythe, O'Bryan, and Bigtree **incidents occurred in cabin bathrooms identical in layout, configuration, and color to the bathroom in Plaintiff's cabin** (depicted on Page 1 above).

Although Plaintiff submits that the information set forth in Defendant's Supplemental Answers to 2nd Interrogatories (**Exhibit E**) is sufficient to deny Defendant's Motion, when combined with the testimony of Defendant's Corporate Representative (**Exhibit C**), the Report of Marine Casualty in the O'Bryan incident (**Exhibit G**), and the photographs contained in Defendant's Accident Summaries (**Exhibit F**), Plaintiff meets her burden of establishing substantial similarity for purposes of notice and this supports admission of these incidents as evidence at trial.

Dated: January 17, 2022
Miami, Florida

/s/ *Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com
EDUARO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 17th day of January, 2022, via Email to all Counsel on the attached Service List.

**EDUARDO J. HERNANDEZ, LLC**
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

/s/ *Eduardo J Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com

## SERVICE LIST

**Peter G. Walsh**
Florida Bar No. 970417
pwalsh@1800askfree.com
DAVID W. SINGER & ASSOC., P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel.: (954) 920-1571
Fax.: (954) 926-5746

**Eduardo J. Hernandez**
Florida Bar No. 061451
ehernandez@ejh-law.com
EDUARDO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

**Attorneys for Plaintiff**

**Christopher Smith**
Florida Bar No. 607363
csmith@fowler-white.com
FOWLER, WHITE, BURNETT, P.A.
1395 Brickell Avenue – 14th Floor
Miami, Florida 33131
Tel.: (305) 789-9200
Fax.: (305) 789-9201

**Attorneys for Defendant**