UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-20557-BLOOM

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

**PLAINTIFF, BARBARA HALL'S,**
**REPLY IN SUPPORT OF**
**MOTION IN LIMINE TO PRECLUDE SPECULATIVE AND IRRELEVANT**
**EVIDENCE/TESTIMONY/ARGUMENT**

Plaintiff, BARBARA HALL ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and FRE 401, 402, and 403, hereby file this, her Reply in Support of Motion in Limine to Preclude Speculative and Irrelevant Evidence/Testimony/Argument, and states as follows:

1. Although Defendant's Response does an excellent job of presenting Defendant's closing argument, it falls well short of presenting any evidence or cogent argument to rebut Plaintiff's position and the record evidence that **there is zero evidence that she was intoxicated at the time of her fall.**

2. Again, while there certainly exists evidence of Plaintiff's alcohol **purchases** before her fall and Plaintiff does not seek exclusion of this, Defendant has adduced no competent evidence of Plaintiff's **consumption**, the day before her fall.

**MEMORANDUM OF LAW**

Contrary to Defendant's misrepresentation at Paragraph 5 of its Response that "Plaintiff's trip and fall [occurred] shortly after midnight," the record evidence is that Plaintiff returned to her cabin shortly before midnight and after spending some time on her phone and her nightly ablutions,

retired for the evening; her fall did not occur until approximately 2:30 am. [Plaintiff's Deposition at pp. 114, 181, attached as **Exhibit A**] Her last drink was purchased approximately 4 hours earlier, at 10:30 pm the night before. [**Exhibit B**]

Also contrary to Defendant's representation that "[t]here is no reason proffered by Plaintiff Hall, which should lead the Court to decide this issue any differently than in favor of admission of this evidence in accordance with the *Stewart-Patterson*, *Milbrath*, and *Schleife* cases," each of these cases is easily distinguishable from the present:

a. In *Stewart-Patterson*, "the ship's medical records state that her breath smelled of alcohol and that she reported having two glasses of champagne before her fall." *Stewart-Patterson v. Celebrity Cruises, Inc.,* Case n.12-Civ-20902-Cohn (S.D.Fla. Dec. 6. 2012).

b. In *Milbrath,* Judge Ungaro noted that "Were the only evidence in the record regarding Plaintiff's alcohol consumption a vague statement as to the number of beverages consumed, the Court might agree with Plaintiff as to the prejudicial effect of such testimony, but there is sufficient contextual evidence to at least partially mitigate the prejudicial effect and for the jury to determine intoxication. Plaintiff's deposition testimony details what time of day she drank, what she drank, that she is "not a big drinker," and that Plaintiff ceased drinking after dinner." *Milbrath v. NCL (Bahamas) Ltd.*, Case No. 17-Civ-22071-Ungaro (S.D.Fla. Feb. 28, 2018).

c. In *Schleife,* "the ship's doctor stated the plaintiff 'had the smell of alcohol on his breath.'" *Schleife v. Royal Caribbean Cruises, Ltd.*, Case No. 19-Civ-22776-O'Sullivan (S.D.Fla. April 30, 2021).

In fact, the record evidence in the present case represents the "vague statement" referred to by the court in *Milbrath*: 1) Plaintiff has testified that alcohol did not play a role in her fall[1]; 2) there is no evidence of exactly how much alcohol Plaintiff consumed from the time she boarded the ship at approximately 12:30/1:00 pm to the time she retired to bed at approximately 12:00 am[2];

---

[1] **Q.** But is it your testimony today that alcohol did not play a role in your fall in the early morning of March 1st, 2020?
**A.** I am testifying that I don't know and I don't believe it was.
[Plaintiff's Deposition at p. 177, attached as **Exhibit A**]

[2] **Q.** And you drank all or at least part of all those more than ten drinks, correct?
**A.** Part of all of them, correct.
[Plaintiff's Deposition at p. 177, attached as **Exhibit A**]

3) there is only evidence of what alcohol Plaintiff purchased (Plaintiff's deposition at pp. 166-177, attached as **Exhibit A**); and 4) Plaintiff's travel companion, Angela Vaughn, has testified that some of the drinks Plaintiff purchased were for the former (A. Vaughn Deposition at pp. 120-121, attached as Exhibit A to Plaintiff's Motion in Limine).

To allow Defendant to argue, imply, or present evidence that Plaintiff was **intoxicated at the time of her fall and that her fall was due to this intoxication** is unsupported by the record evidence and will prove unduly and irreparably prejudicial to Plaintiff.

Dated: January 17, 2022
Miami, Florida

*/s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com
EDUARO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 17th day of January, 2022, via Email to all Counsel on the attached Service List.

**EDUARDO J. HERNANDEZ, LLC**
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

*/s/ Eduardo J Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com

**SERVICE LIST**

**Peter G. Walsh**
Florida Bar No. 970417
pwalsh@1800askfree.com
DAVID W. SINGER & ASSOC., P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel.: (954) 920-1571
Fax.: (954) 926-5746

**Eduardo J. Hernandez**
Florida Bar No. 061451
ehernandez@ejh-law.com
EDUARDO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

**Attorneys for Plaintiff**

**Christopher Smith**
Florida Bar No. 607363
csmith@fowler-white.com
FOWLER, WHITE, BURNETT, P.A.
1395 Brickell Avenue – 14th Floor
Miami, Florida 33131
Tel.: (305) 789-9200
Fax.: (305) 789-9201

**Attorneys for Defendant**