UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

CASE NO. 21-cv-20557-BB
Judge Beth Bloom

**CARNIVAL'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CARNIVAL'S MOTIONS IN LIMINE**

Defendant, Carnival Corporation ("Carnival"), files this reply to Plaintiff's Response in Opposition to Carnival's Motions in Limine [D.E. ], and states:

**I. Plaintiff Fails to Demonstrate the Admissibility of the Hearsay Statements under any Recognized Exception.**

Here, Carnival moves to exclude specific hearsay statements from trial which were allegedly overheard at the ship's medical center and at the guest service's desk. The specific statements are referenced in Carnival's omnibus motion in limine [DE 45] and include alleged statements attributed to Carnival guest services regarding Plaintiff's ability to perform a zip-line activity, the availability of "compassionate care," and statements pertinent to a refund of Plaintiff's zip-line shore excursion. See [DE 45, pg. 1]. The other statements which Carnival moves to exclude include statements allegedly overheard by Plaintiff near the ship's medical center, including statements about the cost to see a doctor, statements about private insurance, as well as further statements about "compassionate care." See [DE 45, pg. 2].

In this instance, Plaintiff fails to demonstrate the application of any relevant exception to the rule against hearsay. Starting with the statements purportedly made by guest services, Plaintiff argues that: the statements about zip-lining and compassionate care "will not be offered by Plaintiff for their truth." See [DE 50, pg. 3]. Plaintiff's argument is entirely conclusory. Her argument fails to provide the Court with two critical pieces of information: 1) what relevant and admissible purpose the guest service statements would have overall and 2) how the guest services statements could be offered for something other than the truth of the matter asserted. Given Plaintiff's lack of evidence, argument, or case law to support her assertion that she will not offer the statements for their truth, Carnival submits that its motion should be granted.

Plaintiff's arguments should also be rejected because Plaintiff fails to lay the foundation for a "vicarious admission." Rule 801(d)(2)(D) of the Federal Rules of Evidence provides that a statement is not hearsay if "offered against a party and is 'statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.' " See *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) (citing Fed. R. Evid. 801(d)(2)(D) ). It is, however, the burden of the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the individual's scope of employment. *Id.* at 1566–67. Additionally, although the court must consider the alleged hearsay statement in determining whether the statement fits the scope of an agency or employment relationship, the statement "does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E)." See Fed. R. Evid. 801.

Here, Plaintiff seems to rely largely on the hearsay statements alone contrary to Federal Rule of Evidence 801. For instance, Plaintiff lacks sufficient evidence by reference to depositions,

affidavits, or other discovery to prove—as is her burden—that guest services had the authority to make the statements Carnival seeks to preclude. Plaintiff can only speculate about what she will elicit "at trial" from Carnival's corporate representative.

Moreover, as it relates to the shipboard Nurse Joseph Cagumbay, Plaintiff fails to establish in the first instance any type of agency or employment relationship as required by Fed. R. Evid. 801(d)(2)(D). See [DE 21, Carnival's Answer and Affirmative Defenses, #8: "Any nurses involved in Plaintiff's assessment, care, and/or treatment were borrowed servants of independent contractors, and not acting as employees or agents of Carnival, at all times material hereto."]. Plaintiff fails to cite any testimony from Carnival which would prove that Nurse Cagumbay was acting as an employee, actual agent, and/or apparent agent at the time of the alleged statements at the medical center.

The cases cited by Plaintiff do not support her arguments either. For instance, in *Jones v. Disc. Auto Parts, LLC*, No. 616CV138ORL37KRS, 2017 WL 1396477, at *5 (M.D. Fla. Apr. 19, 2017), the trial court identified two critical pieces of evidence which provided a basis to find a vicarious admission. That evidence took the form of an interrogatory answer of the defendant and deposition testimony of the plaintiff. Contrary to the *Jones* case, Plaintiff vaguely cites to what *might* be heard at trial from Carnival's corporate representative. Here, Plaintiff fails to cite any evidence such as a Carnival job description or Carnival corporate representative testimony, which would provide the necessary background about the alleged relationship between Carnival and Nurse Joseph Cagumbay. Arguing that Mr. Cagumbay "informed the guest of the charges" does nothing more than parrot the alleged hearsay statement that Carnival's motion seeks to exclude. And as noted above, Fed. R. Evid. 801 precludes reliance on the hearsay statement alone to prove some sort of speaking authority.

Some of Plaintiff's arguments also fail to reason. For instance Plaintiff argues: "that Mr. Cagumbay may deny having made this statement [referring to alleged statements overheard by Plaintiff at the medical center], does not make it hearsay or otherwise make the statement inadmissible. In fact, it creates a question of fact and makes it all the more admissible." See [DE 50, pg. 5]. Contrary to Plaintiff's argument, Nurse Cagumbay's denial of certain statements reveals the self-serving nature of Plaintiff's testimony and further reinforces the need for the hearsay doctrine, which is designed to prevent untrustworthy, out of court statements from coming into evidence.

In a last ditch effort, Plaintiff appears to offer a final, one sentence conclusory argument that the hearsay statements constitute evidence of Plaintiff's "state of mind." Carnival presumes that Plaintiff refers to Fed. R. Evid. 803(3), *Then-Existing Mental, Emotional, or Physical Condition*, which provides an exception for: "A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." See Fed. R. Evid. 803(3). The key word in the above rule is declarant. The hearsay exception in Fed. R. Evid. 803(3) only applies where the proponent of a statement seeks to prove ***the declarant's*** state of mind. Here, Plaintiff is not the declarant. The alleged declarant would be the person Plaintiff testifies that she spoke to at the ship's medical center. Accordingly, attempting to prove Plaintiff's "state of mind" as her argument asserts is not an exception to the rule against hearsay.

On all fronts, Plaintiff fails to meet her burden of showing that the statements Carnival seeks to exclude from trial are admissible pursuant to some recognized hearsay exception. Accordingly, Carnival respectfully requests that this Court grant its motion in limine to preclude

all hearsay statements identified in its motion in limine from trial, including those allegedly coming from guest services and the medical center.

**II. Alleged Statements from the Guest Services Desk:**

In further briefing on the admission of statements allegedly made by guest services, Plaintiff focuses her arguments on relevance and offers of compromise. See [DE 50, pg. 5, 6 of 13]. Although attempting these arguments, Plaintiff actually fails to address the main arguments supporting Carnival's motion. Carnival's principal arguments are: 1) that the statements allegedly overheard by Plaintiff at the guest services desk are hearsay and 2) if admissible pursuant to some exception, the statements and general evidence of Plaintiff receiving a refund constitutes evidence whose limited probative value would be outweighed by the risk of unfair prejudice.

First, Plaintiff fails to adequately show the Court that the alleged statements from guest services are either non-hearsay or admissible pursuant to an exception. Carnival re-asserts and re-incorporates its arguments immediately above. Ultimately, Plaintiff fails to provide proof of any valid exception to the hearsay rule.

Second, Plaintiff fails to address Carnival's argument that unfair prejudice and confusion of the issues outweighs the limited probative value of statements attributed to the medical center and guest services desk. Nowhere does Plaintiff clearly address this argument based upon Fed. R. Evid. 403. Instead of addressing Carnival's position that the shore excursion evidence would be more prejudicial than probative—Plaintiff focuses on a relevance argument. Plaintiff ties her relevance argument to a desire to prove when she first reported her wrist injury to Carnival. Plaintiff, as she concedes in her response, has other non-hearsay and less prejudicial means of offering such evidence. For instance, Plaintiff can offer the Carnival billing record if she desires to negate evidence of when she reported her alleged injury. In other words, the parties need not

risk juror confusion with hearsay statements about a shore excursion refund where other admissible means are available to Plaintiff to present her desired arguments.

Additionally, Plaintiff's arguments regarding Fed. R. Evid. 408 are misplaced. Again, if Plaintiff's goal is to negate an argument of undue delay as she claims, she can do so through testimonial evidence or the business record she mentions in her response without the need to offer any hearsay statements. The existence of other means of presenting her case only reinforces the minimal probative value of the hearsay testimony. The statements alleged to have come from guest services and the shipboard medical center are therefore properly excluded under Fed. R. Evid. 403.

**III. The Prior Incidents, which Lack Substantiality Similarity Should Be Excluded.**

Plaintiff's argument responding to Carnival's motion to exclude prior incidents misses the mark. While the locations of other incidents may share some similarity in dimensions and color-scheme, the prior incidents lack substantial similarity to the condition which Plaintiff alleges produced her own fall.

Context is key. Plaintiff hinges her arguments on an allegedly dangerous shower threshold characterized as being disguised by a monochromatic bathroom floor. Basically, Plaintiff claims she should have been warned about the presence of the threshold in her cabin bathroom—a warning which her own testimony shows was unnecessary. After all, Plaintiff admitted in deposition that she saw the very shower threshold on a previous visit to her cabin bathroom before her fall. See [DE pg. 102, pg. 103].

Nevertheless, a correct application of the legal standard described in *Borden, Inc., v. Fla. E. Coast Railway*, 772 F. 2d 750 (11th Cir. 1985) warrants granting Carnival's motion in limine and excluding the prior incidents. In *Borden*, the 11th Circuit cited *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir.1965) and held that substantial similarity depended on

"whether the conditions operating to produce the prior failures were substantially similar to the occurrence in question." *Id.* at 755. Undoubtedly, the key phrase of that passage is "the conditions operating to produce the prior failures."

Here, Plaintiff cannot establish what specific condition or conditions caused the prior incidents (or produced them in the language of *Borden*), much less whether the prior incidents were caused by what Plaintiff alleges caused her own incident—the alleged monochromatic nature of the floor. The most Plaintiff can argue is that the bathrooms in which the prior incidents occurred shared similar dimensions and colors. But Plaintiff does not have evidence showing what actually brought about the prior incidents, including whether those unknown causes of the prior incidents shared any similarity with her own incident.

Take the Mary Jane O'Bryan incident as an example. The information on the O'Bryan incident demonstrates that O'Bryan was allegedly standing in from of the sink, when she stepped backward and fell. See [DE 50-5]. That evidence does not establish any similarity to the dangerous condition which Plaintiff alleges produced her fall, i.e. the monochromatic nature of the floor. From the description that we have from Ms. O'Bryan, it does not appear that the floor color had anything to do with her incident. Nor does the evidence indicate whether O'Bryan was even looking in the direction of the shower threshold at the time of her fall.

Likewise, Plaintiff has failed to provide any evidence about what actually produced the falls allegedly suffered by the other three passengers. See [DE 50-5]. At best, Plaintiff can merely show that the dimensions and color scheme of the other cabin bathrooms was similar, but that does not prove whether similar conditions as alleged by Plaintiff brought about the priors as required by the *Borden* case. See also *Acevedo v. NCL (Bahamas) Ltd*., 317 F. Supp. 3d 1188, 1194 (S.D.

Fla. 2017)(admitting only those incidents where the plaintiff could show that a similar condition, i.e. poor weather, to what she complained of also played a role in producing the other incidents).

There are numerous other unknowns for which Plaintiff has failed to present the proof necessary to establish substantial similarity. For instance, as Carnival pointed out in its motion in limine in the first instance, Plaintiff cannot establish any similarity in time, mechanism of fall, or level of intoxication by drugs or alcohol between the four prior incidents and her own incident. See *LeRoux v. NCL (Bahamas) Ltd.*, Case No. 15-23095-CIV-WILLIAMS, 2017 WL10410815 at *5 (S.D. Fla. Jul. 31, 2017)(finding lack of substantial similarity between prior incidents in an analogous cruise line trip and fall case where record evidence failed to disclose any similar circumstances between mechanism of fall, time of day, influence of drugs or alcohol, or "frankly any other particularized information that would allow this Court to determine whether the accident was "substantially similar" to Plaintiff's accident.").

Here, Plaintiff's response fails to present the Court with sufficient evidence to establish substantial similarity. Ultimately, Plaintiff lacks the evidence necessary to show what conditions produced the four prior incidents and how similar conditions, if any, actually brought about her own incident.

WHEREFORE, Carnival respectfully requests that this Court grant its motions in limine for all of the reasons stated above, and grant any further relief appropriate under the circumstances.

Respectfully submitted,

/s/Christopher B. Smith
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com

Christopher B. Smith
Fla. Bar No. 0121925
Email: csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201