S-E-A

INVESTIGATION, RESEARCH AND TESTING

Since 1970

50TH ANNIVERSARY 1970 – 2020

# Barbara Hall v. Carnival Corporation

Carnival Corporation

Gulf of Mexico

on-board Cruise Ship CARNIVAL VALOR

Date of Incident: March 1, 2020

---

Prepared for:

**Mr. Christopher B. Smith**

**Fowler White Burnett P.A.**

Brickell Arch
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131

Case No. 1:21-cv-20557-BB

## S-E-A Matter No. 05.117037

Issue Date: November 23, 2021

# Table of Contents


**List of Figures** .......... **3**

**I. Executive Summary** .......... **4**

Matter Assignment .......... 4

Scope .......... 4

Methodology .......... 4

Conclusions .......... 5

Signatures .......... 6

**II. Procedures** .......... **7**

**III. Discussion** .......... **9**

Vessel Description .......... 9

Bathroom Description .......... 10

Incident Description .......... 12

Analysis .......... 13

**Appendices** .......... **17**

Investigator Credentials .......... 17

## List of Figures

Figure 1: Plan view diagram of standard balcony cabin on *Carnival Valor*. ....................................9
Figure 2: View of bathroom floor from doorway (S-E-A photograph). .........................................10
Figure 3: View of bathroom door threshold from cabin (S-E-A photograph). ..............................11
Figure 4: View of shower threshold from within bathroom (S-E-A photograph)..........................12
Figure 5: Grab bar in bathroom (S-E-A photograph). .........................................................................14
Figure 6: Bathroom with shower curtain fully extended (S-E-A photograph)..............................16

# I. Executive Summary

## Matter Assignment

SEA, Ltd. (S-E-A) was requested by Mr. Christopher Smith of Fowler White Burnett P.A., in Miami, Florida, to evaluate the safety of a bathroom shower threshold on the cruise ship *Carnival Valor*. On March 1, 2020, Ms. Barbara Hall, a passenger on the cruise ship *Carnival Valor*, allegedly tripped on the shower threshold inside her cabin bathroom. Ms. Hall reportedly fell and injured her right wrist. This investigation was assigned to S-E-A Naval Architect/Marine Engineer David J. Martyn, P.E., CSP, as S-E-A Matter No. 05.117037.

S-E-A is an independent consulting firm that has provided forensic engineering and origin/cause services since 1970. S-E-A is headquartered in Columbus, Ohio, and currently has 12 offices nationwide.

Mr. Martyn has investigated numerous cruise-ship passenger injuries throughout his career. He has been court qualified to give expert opinions regarding safety in matters before both Federal and State courts. He is a licensed Professional Engineer (P.E.) in the State of Florida, as well as 21 other states, and is a Certified Safety Professional (CSP). Pursuant to Federal Rule 26, a current copy of Mr. Martyn's professional resume is included in the Appendices of this report as **Attachment 1**. A copy of Mr. Martyn's testimony log for the past four years is included as **Attachment 2**. For this assignment, S-E-A is being compensated at a rate of $325 per hour for Mr. Martyn's time; S-E-A's rate sheet is included as **Attachment 3**.

## Scope

Specifically, S-E-A was requested to review the case documentation and opine on the safety of the bathroom shower threshold where Ms. Hall was allegedly injured.

## Methodology

The methodology utilized by S-E-A during the investigation of this incident was in accordance with *The Scientific Method* and applicable principles. The investigation and analysis of any incident is a complex and scientific endeavor. The methodology of such an endeavor, therefore,

must include the comprehensive, objective, and accurate compilation and analysis of the available data.

## Conclusions

- **The shower threshold arrangement is reasonably safe.**
- **The shower threshold is reasonably conspicuous.**
- **The toilet is accessible without having to step on or over the shower threshold.**

## Signatures

S-E-A and the undersigned hereby certify the opinions and conclusions expressed herein were formed to a reasonable degree of professional certainty. They are based upon the application of reliable principles and scientific methodologies to all of the facts known by S-E-A and the undersigned when this report was issued, as well as knowledge, skill, experience, training and/or education. Should additional information be discovered, S-E-A and the undersigned reserve the right to appropriately amend or augment these findings.

Prepared By:

David J. Martyn, P.E., CSP
Naval Architect/Marine Engineer
State of Florida
License No. 82585

Technically Reviewed By:

Bryan R. Emond

DJM/cd

DAVID J. MARTYN
LICENSE
No 82585
STATE OF
FLORIDA
PROFESSIONAL ENGINEER

11/23/2021

## II. Procedures

**1. S-E-A reviewed the following documents provided by Fowler White Burnett P.A.:**

- Complaint,
- Transcript of Videotaped Deposition of Barbara Hall, taken June 29, 2021,
- Transcript of Videotaped Deposition of Angela Vaughn, taken October 28, 2021,
- Carnival Corporation's Supplemental Rule 26 Initial Disclosures,
- "Cruise Ticket Contract Acceptance Report, Voyage #: 20200229005, Voyage date: 29-Feb-2020, p. 40 of 122,"
- "Comment Details for Booking Number - 9WQD46 StateRoom - 8429,"
- Copies of Driver's License and Insurance ID for Ms. Barbara Hall,
- "Movement Report," for Ms. Barbara Hall,
- "Folio 8328 for Ms. Barbara Hall, Carnival Valor, Cabin 8429, Booking Number 9WQD46, Account #4613," printed on June 4, 2020,
- Twenty-seven (27) photographs in digital file named "Pictures of where accident occurred.pdf",
- Letter for Mr. David W. Singer to Carnival Cruise Lines, Re: Barbara Hall, dated May 29, 2020,
- Four (4) pdf format digital photographs of shower threshold and bathroom doorway,
- "Medical Staff Interaction Log," for Ms. Barbara Hall, and
- Seven (7) photographs in digital file named "X-Rays.pdf".

**2. S-E-A reviewed the following references:**

- U.S. Coast Guard (USCG) Port State Information Exchange (PSIX) data for Cruise Ship *Carnival Valor*, online at https://cgmix.uscg.mil/PSIX/PSIXSearch.aspx,
- International Convention for the Safety of Life at Sea (SOLAS), 1974, and its Protocol of 1988, 2001 Consolidated Edition,
- International Safety Management (ISM) Code, 2014 Edition,
- Lloyd's Register (LR) Rules and Regulations for the Classification of Ships, July 2017, and
- Information on *Carnival Valor*, accessed November 19, 2021, on Carnival Cruise Line's website at https://www.carnival.com/cruise-ships/carnival-valor.aspx.

3. **On November 11, 2021, S-E-A inspected the bathroom in Cabin 8429 on board** *Carnival Valor*. S-E-A recorded measurements and photographs of the bathroom. The photographs, some of which are contained in this report, are on file at S-E-A's Houston office.

# III. Discussion

## Vessel Description

The *Carnival Valor* (IMO No. 9236389) is a 952.1-foot long, 116.1-foot wide, 110,438 gross tons (International Tonnage Convention) cruise ship registered in Panama and classed by Lloyd's Register. The ship was constructed in 2004. It is owned and operated by Carnival Cruise Line (Carnival), a subsidiary of Carnival Corporation & plc. At the time of Ms. Hall's incident on March 1, 2020, *Carnival Valor* held a valid Safety Management Certificate issued by Lloyd's Register on behalf of the Panama Maritime Authority. The ship also had a valid Certificate of Compliance issued by the U.S. Coast Guard.

Ms. Hall was allegedly injured in Cabin 8429. This cabin is on the starboard (right) side of Deck 8, also called "the Verandah Deck," of *Carnival Valor*. **Figure 1** is a plan view diagram of a standard balcony cabin, like Cabin 8429, from Carnival's website (https://www.carnival.com/cruise-ships/carnival-valor.aspx).



**Figure 1: Plan view diagram of standard balcony cabin on *Carnival Valor*.**

## Bathroom Description

The bathroom in Cabin 8429 was located at the inboard end of the cabin (interior side of the ship). If a person was standing outside the bathroom, and facing the bathroom door, the door opened outward, to the right. The bathroom contained a single sink vanity, toilet, and standing shower. The floor was a molded single piece of plastic composite material that included the shower stall floor. The bathroom was approximately 51 inches deep (parallel to the vanity) and approximately 70 inches wide (back of shower to vanity mirror). **Figure 2** is a view of the bathroom floor from the doorway.



**Figure 2: View of bathroom floor from doorway (S-E-A photograph).**

The bathroom floor was raised above the cabin floor to accommodate the bathroom plumbing in between. The bathroom door threshold was approximately 6 inches above the cabin deck and approximately 3/4 inch above the bathroom deck. **Figure 3** is a view of the bathroom door threshold from inside the cabin. The minimum horizontal clear width between the shower threshold and the vanity top was approximately 25 inches. The bathroom doorway was approximately 21 inches wide.



**Figure 3: View of bathroom door threshold from cabin (S-E-A photograph).**

The entirety of the shower threshold can be seen in **Figure 4**. It outlines a trapezoid-shaped shower pan. The inside of the shower was approximately 35 inches long, approximately 28 inches at its widest depth and approximately 14 inches at its narrowest depth (at the shower head end).



**Figure 4: View of shower threshold from within bathroom (S-E-A photograph).**

## Incident Description

Ms. Hall allegedly fell after getting up from bed, during the night, to use the bathroom. According to Ms. Hall's deposition, taken on June 29, 2021:

- the bathroom light was on when she fell (Hall deposition pp. 119-120),
- the bathroom door was closed when she fell (Hall deposition p. 146),
- she tripped on the shower threshold (Hall deposition p. 145),
- her view of the threshold was not obstructed (Hall deposition pp. 122 and 147),
- there was no water or liquid substance on the floor (Hall deposition p. 124), and
- after the fall, she ended up with her head inside the shower, face down (Hall deposition p. 146).

According to the letter from Ms. Hall's attorney to Carnival, dated May 29, 2020, the incident was described as a "trip and fall, when the ship swayed, over a raised shower threshold lip in the bathroom where the shower and flooring were the same material and coloring."

## Analysis

There are no required regulatory standards or classification society rules that specifically address the design and configuration of shower thresholds on ships. As a cruise ship regulated under SOLAS, Carnival, as owner and operator of the *Carnival Valor*, is required to implement a Safety Management System as per the ISM Code. The ISM Code establishes safety management objectives that Carnival *should* implement:

> 1.2.2 Safety management objectives of the Company should, inter alia:
> .1 provide for safe practices in ship operation and a safe working environment;
> .2 assess all identified risks to its ships, personnel and the environment and establish appropriate safeguards; and
> .3 continuously improve safety management skills of personnel ashore and aboard ships, including preparing for emergencies related both to safety and environmental protection.

Absent any regulatory or classification society criteria, the safe design of the shower threshold is left to the discretion of the ship's designers and/or builders. The shower design in Cabin 8429 addresses the potential for slips and as a practical matter, is intended to minimize the potential for water overflow into the cabin. The arrangement takes into account that the ship moves. As the ship rolls and pitches, water in the shower can escape the shower pan and wet the remainder of the bathroom floor and/or accumulate along the walls or in corners. The threshold contains accumulated water within the shower pan. The shower curtain is intended to contain falling water from the shower head. Any water that ends up on the floor, outside of the shower pan, is channeled into the molded grooves in the floor surface, mitigating potential slip hazards.

A grab bar, above the toilet, provides a hand hold for passengers to steady themselves in the event of ship motions. The grab bar is shown in **Figure 5**, indicated by the yellow arrow. The vanity top and the vertical adjustable shower head slide provide additional handholds while in the bathroom.



**Figure 5: Grab bar in bathroom (S-E-A photograph).**

In addition to direct observation, there are other visual indicators for the presence of the shower threshold to reduce potential trips. The placement of the white rolled-up bathmat/towel by housekeeping parallel against the edge of the threshold provides a visual indication of the shower's placement within the bathroom. Additionally, the white towel's contrast against the blue floor immediately draws your attention after you open the bathroom door. If, presumably, passengers open the bathroom door and notice the bright metallic threshold between the cabin and the bathroom, their gaze is already drawn to this area.

Although Ms. Hall indicated that the rolled-up towel/mat was not present during her fall, it would have been present during her initial visit to her cabin to drop off her luggage. The provided photographs, taken after Ms. Hall's incident, show that the housekeeping staff replaced the rolled-up bathmat/towel to this position during their daily cleanings.

The discontinuity in the floor's molded grid pattern created by the threshold and adjoining drain channels may provide an additional visual indicator to the presence of the threshold. Finally, the presence of the shower curtain, visible without looking at the floor, should also provide a visual indication of the presence of the shower and a threshold. **The shower threshold arrangement is reasonably safe.**

On at least two occasions, Ms. Hall used the bathroom without incident (Hall deposition pp. 103-104 and 116). Ms. Hall was aware of the threshold and stated she had seen it during an earlier trip to the bathroom (Hall deposition p. 104). **The shower threshold is reasonably conspicuous.**

The shower threshold is not within a direct walking path to the toilet or the sink. The minimum horizontal clear width between the shower threshold and the vanity top is four inches wider than the bathroom doorway. **The toilet is accessible without having to step on or over the shower threshold.** To provide a better spatial reference, **Figure 6** shows the area around the toilet with the shower curtain extended around the shower pan.



**Figure 6: Bathroom with shower curtain fully extended (S-E-A photograph).**