UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

CASE NO. 21-cv-20557-BLOOM

**DEFENDANT'S NOTICE OF SERVING SUPPLEMENTAL ANSWERS TO PLAINTIFF'S SECOND INTERROGATORIES TO DEFENDANT PER [DE 35]**

Defendant, Carnival Corporation, by and through undersigned counsel, hereby serves its Answers and/or Objections to Plaintiff's Second Interrogatories to Defendant, originally served on October 25, 2021, and states:

2. For the three (3) year period prior to the incident alleged in the Complaint, identify all prior similar incidents (including reported incidents, pre-suit claims, and lawsuits) on all CONQUEST-class ships similar in circumstances to Plaintiff s incident **(passenger fall over cabin shower riser/threshold).** *See generally Jn re Richardson-Merrell, Inc. Benedictine Litigation*, 624 F.Supp. 1212 (S.D.Ohio 1985); *Uitts v. General Motors Corp.*, 62 FRD 560 (E.D.Pa. 1974); *Kimball v. Publix Supermarkets, Inc.*, 901 So.2d 293,295 (Fla. 2[11]d DCA 2005) (in negligence actions, prior similar incidents are discoverable, and ultimately admissible, for purposes of proving foreseeability); *Publix Supermarkets, Inc. v. Martin,* 739 So.2d 174, 176 (Fla.2[11]d DCA 1999) (the location of the prior incident need not be the same as that involved, but need only be similar even if at another store location); *Carnival Cruise Lines, Inc. v. Rodriguez*, 505 So.2d 550, 552 (Fla. 3rd DCA 1987) ("A party may introduce evidence of other incidents to contradict a witness's testimony if the proffered evidence relates to a similar incident occurring under substantially similar circumstances"); *Lasar Manufacturing Co., Inc. v. Bachanov,* 436 So.2d 236, 238 (Fla. 3rd DCA 1983) ("[E]vidence of the occurrence or non-occurrence of a prior accident is admissible where it pertains to the use of the same type of appliance or equipment under substantially similar conditions;" trial court properly admitted evidence of prior accidents involving meat grinder where manufacturer of meat grinder stated at trial that it had no knowledge of defective condition prior to the plaintiff s accident); *Lawrence v. Florida East Coast Railway Co.*, 346 So.2d 1012, 1015 (Fla. 1977) (where conditions surrounding accidents were similar and not too remote in time, in negligence action against railroad, evidence of prior accidents at same railroad crossing was relevant and admissible as evidence of dangerous character of place and the

defendant's knowledge of the danger); *Perret v. Seaboard Coast Line Railroad Co.*, 299 So.2d 590, 592 (Fla. 1974) (in wrongful death action, exclusion of evidence of prior collision at same railroad crossing which occurred under similar conditions and at the same time of day was reversible error). Provide as to each:

a. The date of incident;

b. the name, physical address, e-mail address, and telephone number of the individual involved;

c. the nature of the injury alleged; and

d. the condition alleged to have caused the incident.

**SUPPLEMENTAL ANSWER: Following a ruling at a discovery calendar hearing on December 7, 2021, Carnival provides the following answers for alleged prior trip and falls over the raised shower thresholds in cabin bathrooms for across all vessels in the Conquest Class:**

**1. On March 9, 2017, cruise passenger Barbara Fisher alleged that she suffered a fall while exiting the cabin bathroom shower of Cabin 1-354 when her foot caught the raised shower lip resulting in contusions to her elbows and knees. Ms. Fisher's last known contact information is 6328 Lake Paddock Dr., Florissant, MO 63033. Ph: 314-942-6346; 314-665-1816. Email: mama54542255@att.net.**

**2. On June 25, 2017, cruise passenger Dianna Marie Blythe alleged that she tripped at the raised shower lip in her cabin bathroom while stepping backwards resulting in complaints of pain in the chest and tail bone. Ms. Blythe's last known contact information is 5401 Coventry Place, Colleyville, Tx, 76034; Ph: 817-571-2307; 214-215-1800. Email: dmbwestie@aol.com.**

**3. On June 7, 2018, cruise passenger Mary Jane O'Bryan alleged that while standing in front of the sink in her cabin bathroom she stepped back and accidentally tripped on the shower lip and fell backward injuring her right hand. Ms. O'Bryan's last known contact information is 603 N. Walnut St. Springfield, KY 40069; Ph: 859-481-3495. Email: mjobryan@hotmail.com.**

**4. On January 21, 2019, cruise passenger Cheryl Bigtree alleged that after brushing her teeth in her cabin bathroom she stepped backward and tripped over the rim of the shower area and hit the back portion of her head on the wall. Ms. Bigtree's last know contact information is 2022 SW Akorot Rd., Port St. Lucie, FL 34953; Ph: 561-213-8083; 772-335-3000. Email: cherylbigtree@aol.com.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email this 14th day of December, 2021 upon: David W. Singer, Esq., dsinger@1800askfree.com, Peter G. Walsh, Esq., pwalsh@1800askfree.com - David W. Singer & Associates, PA, 1011 S. Federal Hwy., Hollywood, FL 33020.

/s/ Christopher B. Smith
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

Christopher B. Smith
Fla. Bar No. 121925
Email: csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201