UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BARBARA HALL,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION,<br><br>Defendant. | CASE NO. 21-cv-20557-BB |

**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS TO MOTION FOR SUMMARY JUDGMENT**

1. Undisputed.[1]

2. Disputed. Plaintiff testified that she did not recall. [ECF No. 43-1 (Plaintiff Depo. p. 123-24].

3. Undisputed that there was no towel. Plaintiff testified that nothing blocked her view of the blue shower threshold prior to her incident. [ECF No. 43-1 p. 37 (Plaintiff Depo. p. 147)].

4. Disputed. Plaintiff was aware of the threshold and its dimensions. [ECF No. 43-1 p. 26 (Plaintiff Depo. p. 102-03)]. Undisputed that Plaintiff testified she had not crossed the threshold or used the shower.

5. Undisputed.

6. Undisputed.

7. Undisputed.

[1] Carnival has responded to Plaintiff's Additional Material Facts as numbered by Plaintiff although she did not continue numbering from Carnival's Material Facts.

8. Disputed. The ledge was not "invisible" or "basically invisible." Plaintiff saw the threshold and was aware of it. [ECF No. 43-1 p. 26 (Plaintiff Depo. p. 102-03)]. Plaintiff noticed the blue shower threshold on her first visit to the bathroom. [ECF No. 43-1 p. 26 (Plaintiff Depo. p. 102)].

9. Undisputed that it was theoretically feasible to paint the shower threshold a different color.

10. Carnival has moved *in limine* to exclude this evidence. [ECF No. 45]. This incident is not substantially similar. Fisher was taking a shower inside the cabin bathroom and misjudged her step coming out of the shower and fell. [ECF No. 45 p. 5].

11. Carnival has moved *in limine* to exclude this evidence. [ECF No. 45]. This incident is not substantially similar. Blythe alleged that she stepped backward into the shower threshold. [ECF No. 45 p. 5].

12. Carnival has moved *in limine* to exclude this evidence. [ECF No. 45]. This incident is not substantially similar. O'Bryan alleged that she stepped backward into the shower threshold. [ECF No. 45 p. 5].

13. Carnival has moved *in limine* to exclude this evidence. [ECF No. 45]. This incident is not substantially similar. Bigtree alleged that she stepped backward into the shower threshold. [ECF No. 45 p. 5].

14. Undisputed that Plaintiff testified to this effect, but she was seeking a refund on her upcoming zipline shore excursion, not seeking medical treatment.

15. Denied. *See* Defendant's Material Facts 28, 29, 30, 31.

16. Denied. *See* Defendant's Material Facts 37, 38, 39, 40, 41, 42.

17. Denied. *See* Defendant's Material Facts 37, 38, 39, 40, 41, 42.

18. Undisputed that Nurse Cagumbay was of the opinion that Plaintiff should have consulted with the ship's physician although Plaintiff chose not to.

19. Undisputed that Dr. Unruh testified generally to this effect, *but see* Defendant's Material Facts 47, 48, 49.

20. Undisputed that Vaughn testified to this effect.

21. Disputed. *See* Defendant's Material Facts 7, 14.

22. Undisputed that Plaintiff testified to this effect and that the drink was purchased at approximately that time.

Respectfully submitted,

/s/ Cameron W. Eubanks
Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

Christopher B. Smith
Fla. Bar No. 121925
Email: csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201