UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BARBARA HALL,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION,<br><br>Defendant. | CASE NO. 21-cv-20557-BB |

**DEFENDANT'S REPLY IN SUPPORT OF DAUBERT MOTION TO STRIKE, MARK A. YOUNG**

Defendant, Carnival Corporation ("Carnival"), replies in support of its *Daubert* Motion to Strike, Plaintiff's Liability Expert, Mark A. Young, and states:

In some cases, challenges to an expert witness go to the weight of the evidence rather than its admissibility. However, the foregoing principle is not a bright-line rule. In fact, this Court need not accept an expert opinion where there exists too great of an analytical gap between available data and the expert's proffered opinions. See *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010); see also *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, n.3 (11th Cir. 2015)(finding expert testimony is unreliable where the expert cannot explain how or why a particular industry standard, regulation, or rule is applicable to the situation at hand). Even Plaintiff would concede that there are times when an expert opinion is so fundamentally unsupported that it can offer no assistance to the jury. See [DE 57, pg. 3, citing *In re Trasylol Products Liability Litig.*, 2010 WL 1489793 (S.D. Fla. Feb. 24, 2010)]. Here, Plaintiff's proposed expert, Mark A. Young, fits the category of an expert whose opinions rest upon fatally flawed presumptions or misunderstandings about the facts such that they will not help the jury understand

the real facts of consequence in this case. Young's opinions rest upon analytical gaps too significant to remedy by cross-examination alone. For the reasons stated herein, the Court should grant Carnival's motion to strike Plaintiff's proposed expert, Mark Young.

**I. Plaintiff's response fails to address the crux of Carnival's arguments regarding NFPA 101, the *Life Safety Code*.**

Plaintiff's first argument focuses on Young's reliance upon NFPA 101, the *Life Safety Code*. In advocating for how the NFPA may be relevant in determining the standard of care, Plaintiff misses the actual crux of Defendant's argument against the admissibility of Young's testimony. Although standards like NFPA may be relevant under some circumstances, standards or regulations are not automatically relevant in every case. *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 795 (11th Cir. 2017)("Mr. Wolf, however, has failed to present sufficient evidence that the ACCT regulations reflect industry custom or standards.") Here, Plaintiff's response cites *ad nauseum* the general proposition that industry standards may be admissible as bearing on the standard of care. But like the plaintiff in *Wolf*, Plaintiff Hall fails to show why NFPA standards are applicable in this case involving a cabin bathroom on Carnival *Valor*.

In the context of this case, the NFPA, *Life Safety Code*, does not apply and Plaintiff fails to provide specific reasons why it should. Too often, Young relies upon presumptions which are simply incorrect when examined against the record. For instance, the undisputed facts show that Plaintiff was not going into her cabin bathroom to use the shower before she fell. See [Plaintiff's Depo., pg. 117, pg. 187, in the record at D.E. 43-1]. It is undisputed that Plaintiff was attempting to enter her cabin bathroom to use the toilet. [D.E. 43-1, pg. 187]. It is also undisputed and conceded by Young that the walkway leading to the toliet from the entryway of the cabin bathroom

was unobstructed. See [Depo. of Mark Young, pg. 109, line 25—pg. 110, line 6; D.E. 44-2][1]. Despite the undisputed fact that Plaintiff was not intending to cross the threshold to use the shower before her fall, Plaintiff states in her response that Young will explain how the shower threshold "is a change in elevation that must be gotten over by the passenger in order to enter and exit the shower." See [DE 57, pg. 9]. Carnival fails to see how such testimony would be helpful in case involving a passenger getting up in the night to use the toilet and not getting into the shower. Young also incorrectly relies upon the false presumption that Plaintiff had an "unfamiliarity with the subject bathroom." Quite the contrary to being unfamiliar, Plaintiff admitted in her deposition testimony that she had seen the shower threshold on a prior visit to the cabin bathroom the very afternoon before her alleged fall. [D.E. 44-1, pg. 101-103].

Plaintiff primarily cites *Cook v. Royal Caribbean Cruises, Ltd*., in defense of Young on the NFPA standards issue. But the *Cook* case is the readily distinguishable on its facts. The operative facts of the *Cook* case indicate that:

> [Cook] tripped and "fell on the abrupt change in elevation **in the walkway** near the entrance to the Park Cafe," causing a severely fractured left hip requiring major surgery. [ECF No. 1, ¶¶ 8, 11]. According to Plaintiff, the change in elevation was in a designated, accessible pedestrian walkway but was an uncommon type of design or construction that "violated national and international codes, standards, guidelines, and recommendations applicable to changes in levels of such walkway surfaces."

*Cook v. Royal Caribbean Cruises, Ltd.,* No. 11-20723-CIV, 2012 WL 1792628, at *1 (S.D. Fla. May 15, 2012); emphasis added. "In the walkway" is the key allegation in *Cook*. Armed with the allegation that Cook tripped over a change of elevation in a walkway, Cook could in turn argue

[1] Young also admits on page 110 of his deposition that getting to the cabin bathroom's toilet would not require someone to step into and over the shower threshold first. See [D.E. 44-2, pg. 110].

that NFPA was at least minimally relevant to her case. Quite apart from a pedestrian walkway leading to a café, Plaintiff Hall's case concerns her cabin bathroom. Assuming the cabin bathroom actually contains a surface that could be defined as a walkway—the operative bathroom walkway here provided unimpeded access from the bathroom's entryway to the bathroom's toilet. In fact, Young concedes that there is no reason to walk into the shower to get to the toilet inside Plaintiff Hall's cabin bathroom. [D.E. 44-2, pg. 110]. Young's own admissions rebut any application of NFPA 101. Per Young--there is simply no obstruction which one must first cross over to use the bathroom's toilet. Young's proposed testimony is nothing more than his own *ipse dixit* and should be excluded.

**II. Young's supplemental and late-filed affidavit should be stricken.**

Belatedly, Plaintiff submits an affidavit from Young in an effort to cure the methodological deficits of Young's report. See [DE 57-2]. Young's affidavit contains 22 paragraphs and goes well beyond the four corners of the report which Young previously disclosed before the close of discovery in this case. Young provides heretofore undisclosed testimony about his methodology, particularly in paragraphs 19 and 20 of the affidavit. Had Young disclosed this information about his findings in a timely fashion and within his original expert report, Carnival would have had the opportunity to question and discover the bases of Young's purported methodology. Due to this late disclosed information, Carnival submits that the Court should strike and not consider Young's late-submitted affidavit pursuant to Federal Rule of Civil Procedure 37(c). Carnival is prejudiced by the consideration of Young's affidavit not only because his affidavit arrives after the deadline for all discovery, but also because the affidavit falls after the deadline to file dispositive motions, to file motions to strike expert witness testimony, and to file motions in limine. See *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019)(affirming trial court's exclusion of late

filed supplemental expert report which was submitted after the close of discovery and after the deadline to file *Daubert* and dispositive motions).

Nevertheless, Young's affidavit does little to cure the flaws in his analysis. Young continues to ignore reality. Young ignores some of the most critical testimony in this case—that Plaintiff concedes she saw and knew about the threshold that she tripped over before her fall took place. In his late-submitted affidavit, Young doubles down on his flawed hypothesis, which he says rests on Plaintiff's "unfamiliarity with the subject bathroom as this was her first cruise." See [D.E. 57-2]. Yet, Young fails to explain how Plaintiff--having seen and known about the subject shower threshold already--would not also know to expect the threshold's presence only a few hours later. Here, Young's proposed opinions are not mere fodder for cross-examination. Young puts his desired conclusions ahead of the facts. The unavoidable conclusion, which Young attempts to avoid, is that the shower threshold in Plaintiff's passenger cabin was open and obvious. See also *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 42 (S.D. Fla.), *aff'd sub nom. Luby v. Carnival Cruise Lines*, 808 F.2d 60 (11th Cir. 1986).

**III. Plaintiff's charges of "Daubertizing" are misplaced.**

Plaintiff's claims of "scorched earth" litigation tactics are unsupported and should not sway the decision on the admissibility of Mark Young's testimony. In fact, the charge of "Daubertizing" or "scorched earth" tactics are directly belied by Plaintiff's own withdrawal of three (3) of Young's proposed opinions. Plaintiff's charge is also belied by her submission of a late-filed affidavit authored by Young, which seeks to paper over the methodological flaws of Young's original report. Had Plaintiff properly marshalled her expert testimony in the first place and provided the necessary disclosures mandated by Federal Rule of Civil Procedure 26, this *Daubert*-dispute may never have arisen.

**IV. Plaintiff's response insufficiently addresses Carnival's helpfulness argument.**

Lastly, and turning to the helpfulness prong of *Daubert,* Plaintiff spends scant attention to Carnival's argument that Mark Young's testimony will not be helpful to the trier of fact. In only two short paragraphs, Plaintiff pleads its case that Young will assist the trier of fact. See [D.E. 57, pg. 11]. Once again however, Plaintiff opts for generalized arguments which fail to address Carnival's arguments directly. Here, Carnival specifically argues that Young's proposed opinions #3 and #4 will not be helpful to the factfinder. Through opinions #3 and #4, Young tries to put his stamp of "expertise" on the visibility of the subject shower threshold. But Young's testimony is unnecessary. If Plaintiff, herself, was able to see and recognize the subject threshold before her fall, a group of jurors should be able to make a reasonable determination of this question for themselves. The jury does not need an explanation from Mr. Young about NFPA, which as established above, does not apply to the facts of this case. To allow Young to attempt such explanation only risks unnecessary confusion among the factfinders. Opinions #3 and #4 are unhelpful and best left to the jurors to determine alone.

Plaintiff's response also fails to address or distinguish the *Torres* case cited by Carnival in its motion to strike. See [D.E. 57, pg. 11]; *See Torres v. Carnival Corp.*, 2014 WL 3548456 (S.D. Fla. July 17, 2014). *Torres* is a cruise line case wherein another former cruise passenger alleged a trip and fall over a threshold. *Torres,* 2014 WL 3548456 at *1. In striking the plaintiff's expert for being unhelpful, Judge King wrote: "A jury can determine quite well for itself how the Defendant acted in this case and what relationship, if any, those actions have to Plaintiff's injuries. All of the issues to which Rider would testify are well within the understanding of the average lay person." *Id.* at *3. Returning here, Plaintiff fails to refute the persuasiveness of *Torres* case and

fails to explain why the Court should not follow the *Torres* path to excluding Young's opinions in this case.

**V. Conclusion:**

For the reasons stated herein and as stated in its initial motion, Carnival respectfully requests that the Court strike the proposed testimony of Mark A. Young as well as strike Young's improper, late-filed affidavit pursuant to F.R.C.P. 37(c).

WHEREFORE, Carnival respectfully requests that its motion to strike Mark A. Young based upon *Daubert* be granted; that Young's affidavit also be stricken, and that this Court grant all further relief deemed just and proper.

Respectfully submitted,

/s/ Christopher B. Smith
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

Christopher B. Smith
Fla Bar No. 0121925
Email: csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201