UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20557-BLOOM/Otazo-Reyes

BARBARA HALL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
    _____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Plaintiff Barbara Hall's ("Plaintiff") Motion *in Limine* to Preclude Speculative and Irrelevant Evidence/Testimony/Argument, ECF No. [38] ("Plaintiff's Motion"), and Defendant Carnival Corporation's ("Defendant") Omnibus Motion *in Limine*, ECF No. [45] ("Defendant's Motion"). With respect to Plaintiff's Motion, Defendant filed a Response, ECF No. [46], to which Plaintiff filed a Reply, ECF No. [52]. With respect to Defendant's Motion, Plaintiff filed a Response, ECF No. [50], to which Defendant filed a Reply, ECF No. [53]. The Motions are therefore ripe for the Court's consideration. For the reasons that follow, Plaintiff's Motion is denied, and Defendant's Motion is denied.

### I.    BACKGROUND

On July 17, 2019, Plaintiff initiated the instant action against Defendant for injuries sustained while aboard Defendant's Ship, *Carnival Valor*. *See* ECF No. [1]. On the first day of her cruise, Plaintiff fell when she tripped over an unreasonably and unexpectedly high threshold installed at the entrance to the shower in her stateroom. *Id*. ¶¶ 9, 17, 22. As a result of her fall, Plaintiff fractured her right wrist, which necessitated surgery, including the insertion of a metal

plate and screws. *Id*. ¶¶ 11, 19. In addition, Plaintiff alleges that Defendant refused to treat her, and she sustained additional damage to her wrist, unnecessary mental pain anguish, pain and suffering, and distress. *Id*. ¶ 35. Based on those allegations, the Complaint asserts three counts of maritime negligence against Defendant, alleging that Defendant breached its duty of care by (1) "allowing an unreasonably and unexpectedly high threshold to be installed at the entrance to the shower in the Plaintiff's stateroom," creating a tripping hazard; (2) "failing to warn her about a tripping hazard in her bathroom"; and (3) failing to treat her injury because she could not pay the applicable fee. *Id*. ¶¶ 7, 15, 33.

In Plaintiff's Motion, Plaintiff requests that the Court exclude evidence, testimony, and/or argument that Plaintiff was intoxicated or that she was impaired at the time she fell. ECF No. [38]. In Defendant's Motion, Defendant requests that the Court exclude evidence relating to (1) hearsay statements made by individuals at the guest services desk and at the shipboard medical center Plaintiff interacted with after her fall; and (2) prior incidents. ECF No. [45]. The Court considers each Motion in turn.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive

nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III.   DISCUSSION

### A.  Plaintiff's Motion

Plaintiff argues that any evidence or argument that she was intoxicated or that her faculties were impaired at the time of her fall should be excluded as unduly prejudicial. Specifically, Plaintiff argues that although there is evidence of Plaintiff's alcohol purchases, there is no evidence of her consumption, or other evidence, such as a breathalyzer test, to prove intoxication. As a result, Plaintiff contends that any evidence or argument that she was intoxicated is speculative, irrelevant, and unduly prejudicial. Defendant responds that the evidence related to Plaintiff's alcohol purchases should not be excluded because it is relevant and probative of Carnival's comparative negligence defense. Upon review, the Court agrees with Defendant.

In support of its Response, Defendant cites to evidence in the record demonstrating that Plaintiff purchased twelve (12) alcoholic drinks in the hours prior to her fall. ECF No. [43-1] at 44-45, pp. 176-77. In addition, Plaintiff admitted to consuming at least part of those alcoholic beverages before her fall. *Id.* at 45, p. 177. Plaintiff does not dispute that evidence. Citing no authority in support, Plaintiff argues that it is not competent evidence of consumption. Indeed, "although alcohol consumption does not prove intoxication, it is still relevant in its determination because consumption of alcoholic beverages has a tendency to make intoxication more probable." *Milbrath v. NCL Bahamas, Ltd.*, No. 1:17-cv-22071-UU, 2018 WL 2021339, at *2 (S.D. Fla. Feb. 28, 2018). Here, Defendant has asserted comparative negligence as an affirmative defense, and intoxication is clearly relevant to Plaintiff's exercise of reasonable care. As such, the evidence of Plaintiff's beverage purchases and testimony regarding consumption is relevant.

Furthermore, Plaintiff presents no compelling argument for why the introduction of such evidence would be so unduly prejudicial that it would justify exclusion. *See Gonzalez*, 718 F. Supp.

4

2d at 1345 ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). Any prejudice to Plaintiff from the introduction of this evidence does not rise to the level of prejudice that would warrant exclusion. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403 . . . . As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."). Indeed, as the Court has already indicated, Plaintiff's drink purchases and testimony regarding consumption of alcohol are relevant and probative of her negligence claims. As a result, the court will not preclude such evidence and Plaintiff's Motion is therefore denied.

### B. Defendant's Motion

#### i. Guest services and medical personnel statements

Defendant argues that statements made by personnel at the guest services desk and at the intake window to the shipboard medical center should be excluded as impermissible hearsay. Specifically, Defendant seeks to exclude the following statements: (1) "[Plaintiff] can't very well do zip lining with that [referring to her wrist]"; (2) that Plaintiff had to have "five, almost $500 to see the doctor and x-rays . . . they said they don't take private insurance on the cruise . . ."; (3) that guest services told her to go down to the medical center again and that the medical center could offer "compassionate care"; and (4) regarding compassionate care, Plaintiff was told at the medical center that "well, I don't know what he's talking about, we don't have that."

5

Defendant argues that Plaintiff cannot show that any of the declarants making these statements were Defendant's agents speaking within the scope of their agency or with authority from Defendant. Defendant argues further that even if these statements were admissible, they should be excluded as unfairly prejudicial under Rule 403. Plaintiff responds that the statements are not hearsay because they will not be offered for their truth. Plaintiff argues further that those statements are also not hearsay because they are vicarious admissions pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence. Upon review, the Court determines that Defendant fails to demonstrate at this juncture that those statements fall under the definition of hearsay such that they should be categorically excluded in advance of trial.

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, while the statements satisfy the first prong of the definition of hearsay, Plaintiff asserts that she does not intend to introduce the statements for the their truth, i.e. to establish her ability to zip line, to prove the cost of medical care on board, or the existence or non-existence of "compassionate care."[1] While Plaintiff does not identify the specific purpose for introduction of these statements, in the context of a motion *in limine*, it is Defendant's burden to demonstrate that the statements are inadmissible on any relevant ground. *Gonzalez*, 718

---

[1] Defendant fails to provide a viable basis for exclusion of the fact that Plaintiff received a refund for her zip-lining excursion, because Defendant fails to explain how the fact of a refund qualifies as hearsay. Even if evidence of a refund were considered to be hearsay, Plaintiff asserts that she intends to introduce evidence of a refund to negate Defendant's position that she failed to timely report her injury, not to prove the truth of the matter asserted – that she actually received a refund.

6

F. Supp. 2d at 1345. Defendant fails to do so here, and therefore, the Court will not exclude those statements as hearsay at this stage.[2]

Defendant argues in conclusory fashion that even if admissible, these statements should be excluded pursuant to Rule 403. However, Defendant fails to adequately explain how the probative value of the statements is substantially outweighed by a danger of unfair prejudice, or otherwise would confuse the issues or mislead the jury.

Finally, Defendant contends that Plaintiff might attempt to imply or argue specifically that the refund constitutes an admission of fault, and that this evidence risks unnecessary confusion of issues and could lead the jury astray from the relevant issues in the case. As previously noted, however, Plaintiff has indicated that she intends to introduce evidence of a refund on the day she was injured to counteract Defendant's position that she did not report her injury until two days after it occurred. As such, Defendant fails to show that the probative value of evidence of a refund is substantially outweighed by the dangers of confusing the issues or leading the jury astray from the relevant issues in the case. Accordingly, the Court will not exclude the statements or evidence of a refund on the basis of Rule 403.

### ii. Prior Incidents

Defendant argues that evidence of prior incidents should not be admitted because the prior incidents are not sufficiently similar, and that the probative value of these incidents is substantially outweighed by the danger of unfair prejudice. Defendant specifies four prior incidents that should be inadmissible: (1) Barbara Fisher's incident on March 9, 2017; (2) Dianna Marie Blythe's incident on June 25, 2017; (3) Mary Jane O'Bryan's incident on June 17, 2018; and (4) Cheryl

---

[2] Because the statements do not fall within the definition of hearsay at this stage based on Plaintiff's representation that she does not intend to introduce them for their truth, the Court does not consider whether the statements are not hearsay under Rule 801(d)(2) or otherwise fall within a hearsay exception.

Bigtree's incident on January 21, 2019. Plaintiff responds that these incidents meet the substantial similarity doctrine and gave Defendant constructive notice of the dangerous condition posed by the ledge separating the shower area from the rest of the bathroom on Plaintiff's ship.

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Regarding the timeliness prong, courts have previously admitted into evidence prior incidents dating back to four years before the incident in question. *See Hessen*, 915 F.2d at 642. Regarding the substantial similarity prong, the Eleventh Circuit determined in *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601 (11th Cir. 2017), that prior incidents do not have to take place at the same location, and that evidence of prior incidents at a different location could be admissible as long as the proponent of the evidence sufficiently demonstrated similarities between the incidents. The Eleventh Circuit further elaborated in *Bunch v. Carnival Corp.*, 825 F. App'x 713, 718 (11th Cir. 2020), that an incident at a particular cruise ship deck could give the cruise-line notice of similar dangers on a different deck. Ultimately, the proponent of the evidence bears

the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). Applying the Eleventh Circuit's standard for substantial similarity, the Court now turns to the four (4) prior incidents in this case.

First, all the prior incidents occurred within a three-year period before Plaintiff's incident. Indeed, Defendant does not argue that the prior incidents were too remote in time. Therefore, the Court determines that the prior incidents are not too remote in time. *See Hessen*, 915 F.2d at 642.

Second, Plaintiff claims to have suffered injuries when she tripped on the shower threshold in the bathroom of her cabin on Defendant's ship. All the prior incidents similarly involve injuries caused when individuals tripped on the shower thresholds in their cabin bathrooms. *See* ECF No. [50-5]. In addition, Plaintiff asserts, and Defendant does not dispute, that the bathroom configurations and floor finishes involved in the other incidents were similar to the bathroom in which Plaintiff fell. As such, the prior incidents are substantially similar to the extent that they could have given Defendant notice of the allegedly dangerous shower threshold.

Although Defendant argues that the prior incidents are not sufficiently similar because the individuals were already in their cabin bathrooms when they tripped—as opposed to tripping after entering the bathroom as Plaintiff did—and the specific circumstances of how the other individuals fell are not identical to Plaintiff's fall, the Court is not persuaded. "The 'substantial similarity' doctrine does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels*, 796 F.3d at 1287. In general, "[f]or purposes of proving other accidents in order to show defendants' awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed." *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986).

Moreover, Defendant's reliance on *Borden, Inc. v. Florida East Coast Railway Company*, 772 F.2d 750 (11th Cir. 1985), to argue that "the conditions operating to produce the prior failures" here are not similar enough is unavailing, principally because *Borden* did not involve a trip and fall incident on a cruise ship. The Court finds the analysis in *Taiariol* to be more instructive in this case. In *Taiariol*, the plaintiff slipped and fell on the metal nosing of a stair. 677 F. App'x at 600. The plaintiff attempted to present prior similar incidents, but the Eleventh Circuit determined that those incidents were similar to hers "only to the extent that a person fell while on board one of the defendant's ships, not that the incidents involved falls caused by the nosing" that caused the plaintiff's fall. *Id.* at 601. Indeed, in the prior falling incidents in *Taiariol*, the passengers fell because there was no handrail, because they were distracted by a crew member, because they tripped on electrical cords, on camouflaged steps, or on other objects, or because they slipped on marble stairs or steps that were not adequately marked. *See* 677 F. App'x at 601. In noting that the incidents were not similar enough, the Eleventh Circuit explained that "while Taiariol was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, . . . she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps." *Id.* (internal citation omitted).

Here, the prior incidents do not involve falls of any type in cabin bathrooms. Rather, the four prior incidents involve falls specifically over the shower threshold in cabin bathrooms with similar layouts and color schemes to the bathroom in which Plaintiff fell. Moreover, Plaintiff's theory is not simply that the height of the shower threshold in her cabin bathroom is dangerous, but that the step/ledge separating the shower basin from the rest of the bathroom is unreasonably dangerous particularly due to the monochromatic color of the bathroom floor and lack of

10

delineation of the step/ledge. As a result, the prior incidents are relevant and probative of the issue of Defendant's notice of this condition. *See Bunch*, 825 F. App'x at 717 (where the Eleventh Circuit concluded that evidence of prior incidents at thresholds on different decks of the same ship precluded summary judgment on the issue of notice, highlighting that the plaintiff's theory of her claim was that the baseboard created an optical illusion making it appear that there was no threshold between two rooms on the ship where the plaintiff fell). As such, prior incidents involving falls over shower thresholds may give notice of the dangerous condition of the shower thresholds on Defendant's ships. Therefore, the Court determines that the prior incidents are substantially similar to Plaintiff's incident.

Lastly, the Court finds that because the prior incidents are highly probative as to the issue of notice, any danger of unfair prejudice or confusion of the issues does not substantially outweigh the probative value of the evidence. Accordingly, Defendant's Motion is denied, and the prior incidents are admissible to show Defendant's notice of the dangerous condition.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion *in Limine*, **ECF No. [38]**, is **DENIED** consistent with this Order.
2. Defendant's Motion *in Limine*, **ECF No. [45]**, is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record