UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-20557-BLOOM

BARBARA HALL,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.
_______________________________________/

**PLAINTIFF, BARBARA HALL'S,**
**PROPOSED JURY INSTRUCTIONS**

Plaintiff, BARBARA HALL ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits the following Joint Proposed Jury Instructions1 as follows:

DATE: March 28, 2022

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com

[1] In keeping with the Court's Trial Order, Plaintiff and Defendant are working on a joint set to submit to the Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 28th day of March, 2022, via Email to all Counsel on the attached Service List.

**EDUARDO J. HERNANDEZ, LLC**
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

_*/s/ Eduardo J Hernandez*___________
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com

## SERVICE LIST

**Eduardo J. Hernandez**
Florida Bar No. 061451
ehernandez@ejh-law.com
EDUARDO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Tel.: (305) 567-0910
Fax.: (786) 454-8905

**Attorneys for Plaintiff**

**Christopher Smith**
Florida Bar No. 607363
csmith@fowler-white.com
FOWLER, WHITE, BURNETT, PA
1395 Brickell Avenue – 14th Floor
Miami, Florida 33131
Tel.: (305) 789-9200
Fax.: (305) 789-9201

**Attorneys for Defendant**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and

shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions:

On March 1, 2020, Plaintiff was a passenger on Defendant's cruise ship, Carnival Valor. On the first night of the cruise, as Plaintiff attempted to get to the toilet in her cabin bathroom, she tripped over an unreasonably high step/ledge separating the shower from the remainder of the bathroom. Plaintiff claims that her fall was caused as a result of Defendant's negligence in maintaining the bathroom floor, the shower step/ledge, and the shower all in the same color and texture such that the step/ledge was undifferentiated from the rest of the floor and was hidden from view when the shower curtain is closed as it was when she fell, failing to provide adequate handrails in the bathroom, and failing to place warning signs in the bathroom. Plaintiff assets that Defendant was aware of this danger as a result of prior incidents. Plaintiff also claims that Defendant refused to provide her medical care after her injury because she was unable to pay. As a consequence, Plaintiff sustained an intra-articular fracture with displacement of the dominant right wrist for which she had to undergo surgery with insertion of a plate and screws.

Defendant claims [INSERT]

<u>Burden of proof</u>:

Plaintiff has the burden of proving [his/her] case by what the law calls a "preponderance of the evidence," also known as the "greater weight of the evidence." That means Plaintiff must prove that, in light of all the evidence, what [he/she] claims are more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendant on opposite

sides of balancing scales, Plaintiff needs to make the scales tip to [his/her] side. If Plaintiff fails to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendant have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to

this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present [his/her] witnesses and ask them questions. After Plaintiff questions the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness. Then Defendant will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**11th Cir. Pattern Jury Inst. 1.1 (2013)**

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**11th Cir. Pattern Jury Inst. 1.4 (2013)**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**11th Cir. Pattern Jury Inst. 1.5 (2013)**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**11th Cir. Pattern Jury Inst. 2.1 (2013)**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**11th Cir. Pattern Jury Inst. 2.2 (2013)**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**11th Cir. Pattern Jury Inst. 2.6 (2013)**

**<u>The Duty to Follow Instructions – Corporate Party Involved</u>**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**11th Cir. Pattern Jury Inst. 3.2.2 (2013)**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel;**
**<u>Comments by the Court</u>**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**11th Cir. Pattern Jury Inst. 3.3 (2013)**

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness' testimony differ from other testimony or other evidence?

**11th Cir. Pattern Jury Inst. 3.4 (2013)**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**11th Cir. Pattern Jury Inst. 3.5.1 (2013)**

**<u>Expert Witness</u>**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**11th Cir. Pattern Jury Inst. 3.6.1 (2020)**

**Expert Witness – When Expert Fees Represent a Significant Portion of the Witness' Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**11th Cir. Pattern Jury Inst. 3.6.2 (2020)**

**Negligence**

Negligence is the failure to use reasonable care. Reasonable care is the degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances. In this case, Plaintiff claims that Defendant was negligent and that such negligence was a legal cause of damage sustained by Plaintiff. Specifically, Plaintiff alleges that as a result of Defendant's negligence in maintenance of the bathroom floor and refusal to provide her medical care after her injury because she was unable to pay, she sustained an intra-articular fracture with displacement of the dominant right wrist for which she had to undergo surgery with insertion of a plate and screws and had to endure unnecessary pain.

In order to prevail on this claim, Plaintiff must prove both of the following facts by a preponderance of the evidence:

First: That Defendant was negligent, and

Second: That such negligence was a legal cause of damage sustained by Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Under the controlling maritime law, the standard of care applicable to Defendant in this action is the duty to exercise reasonable care under the circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support Plaintiff's claim, then your verdict

should be for Defendant. If, however, a preponderance of the evidence does support Plaintiff's claim, you will then consider the defense raised by Defendant.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

If the evidence proves negligence on the part of Defendant or its employee that was a legal cause of damage to Plaintiff, you should award Plaintiff an amount of money that will fairly and adequately compensate Plaintiff for such damage. In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Medical and hospital expenses, in the past and future;

(b) Mental pain and anguish, in the past and future; and

(c) Disability, impairment, inconvenience, loss of use and enjoyment of usual activities and life's pleasures, in the past and future;

**11th Cir. Pattern Jury Inst. State Claims Inst. 1.1 (2005)**

**<u>Prior Incidents as Evidence of Notice of a Dangerous Condition</u>**

A single prior incident is sufficient to place a defendant on notice of a dangerous condition.

***Milbrath v. NCL (Bahamas) Ltd.*, 2018 U.S.Dist.Lexis 39123 (S.D.Fla. 2018); *McDonnell v. Royal Caribbean Cruises, Ltd.*, Case No: 16-Civ-22044-RNS (S.D.Fla. July 14, 2017); *Hall v. Carnival Corp.*, Case No. 21-Civ-20557-Bloom (S.D.Fla. Mar. 22, 2022); *Radke v. NCL (Bahamas) Ltd.*, Case No. 19-Civ-23915-Bloom (S.D.Fla. May 3, 2021)**

**Mortality Tables – Actuarial Evidence**
**Life Expectancy in General**

If a preponderance of the evidence shows that Plaintiff has been permanently injured, you may consider Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of Plaintiff's life.

**11th Cir. Pattern Jury Inst. Supplemental Damages Inst. 3.1 (2005)**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**11th Cir. Pattern Jury Inst. 3.8.1 (2013)**

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**11th Cir. Pattern Jury Inst. 3.9 (2013)**