UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CIV-20557-BLOOM

BARBARA HALL,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

**DEFENDANT CARNIVAL CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO PRESENT EXPERT WITNESS AT TRIAL VIA REMOTE CONTEMPORANEOUS TRANSMISSION**

Defendant, Carnival Corporation ("Carnival"), responds pursuant to this Court's order at [DE 76] to Plaintiff's Motion for Leave to Present Expert Witness At Trial Via Remote Contemporaneous Transmission [DE 75], and states:

1. This matter is scheduled for trial during the Court's two-week period starting April 11, 2022.

2. Plaintiff filed her motion seeking to present the testimony of expert witness Mark Young via remote, video-teleconference technology on March 26, 2022. See [DE 75].

3. Following the Court's order seeking an expedited response, Carnival's counsel has considered the Plaintiff's position and sent an email to Plaintiff's counsel on March 29, 2022 proposing certain reasonable stipulations under which Carnival would not oppose Mr. Young's video-teleconference testimony.

4. Those stipulations include: 1) that no one else would be present in the room with Mr. Young while testifying; 2) that Mr. Young would not have any materials, notes, or other papers in front of him or available to him while testifying (although that he may refer to exhibits only to the extent same have been properly admitted into evidence beforehand); 3) that Mr. Young would not have a cellular phone with him in the room while testifying; and that 4) Mr. Young would not have any other windows, internet browsers, or messaging applications open on his computer while testifying. Carnival also requested that its liability expert witness be afforded the same courtesy of providing remote, video-teleconference testimony if he should not be able to appear live at trial.

5. As of this writing, Plaintiff's counsel has not yet responded in writing regarding the proposed stipulations set forth above.

6. Nevertheless, Plaintiff's motion acknowledges that reasonable measures must be in place to ensure the trustworthy presentation of Mr. Young's testimony if taken via video-teleconference. See, e.g. [DE 75]. To the extent Carnival has proposed a few additional measures to ensure appropriate, trustworthy testimony from Mr. Young, its proposed stipulations, noted above, are not especially voluminous or unreasonable under the circumstances.

7. Accordingly, while Carnival will certainly adhere to the measures the Court ultimately deems appropriate under the circumstances, Carnival advises that it does not oppose the relief sought by Plaintiff subject to Plaintiff's agreement to the stipulations listed in paragraph four above.

WHEREFORE, Carnival respectfully requests that if this Court permits Mr. Young's testimony be taken remotely that his testimony be subject to the measures described above in paragraph four to ensure fair and trustworthy presentation of evidence at the time of trial.

Respectfully submitted,

*/s/ Christopher B. Smith*
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Christopher B. Smith
Fla. Bar No. 0121925
Email: csmith@fowler-white.com

Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Carnival*